*R. A. Lockwood* and *H. O'Neal,* for the defendant.

---

## DAYTON *v.* HALL.

An action of assumpsit for work and labour, &c., was commenced in the Circuit Court, the plaintiff claiming 1,500 dollars damages. Pleas, the general issue, the statute of limitations, and a set-off.

The plaintiff, on the trial, proved by a witness the performance of service for the defendant by feeding and taking care of the latter's cattle. *Held,* that the defendant might, on cross-examination, ask the witness whether, at the time of said service, the plaintiff was not using the cattle for his own benefit.

The plaintiff, in the above suit, having obtained a verdict and judgment for 39 dollars and 31 cents, the defendant moved for judgment, under the statute, for costs, but the motion was overruled. The record did not give the evidence, but stated that no evidence was offered in support of the plea of set-off. *Held,* that the overruling of the defendant's motion did not appear to be erroneous.

ERROR to the *La Grange* Circuit Court.

PERKINS, J.—Assumpsit in the *La Grange* Circuit Court.

Damages claimed, 1,500 dollars. Pleas, the general issue,
statute of limitations, and set-off. Trial by jury; verdict
and judgment for plaintiff for 39 dollars and 31 cents.

A bill of exceptions presents two questions for our deci-
sion. The first arises as follows: "One *Samuel Gena* was
called and sworn to testify on the part of the plaintiff, and
after he had been examined in chief touching, among other
things, the fact that said *Hall* (plaintiff) had, in the win-
ter of 1838–39, laboured for said *Dayton* (defendant) by feed-
ing and taking care of his cattle, the defendant, on cross-
examination, asked the witness whether the plaintiff, at the
time he was so feeding and taking care of said cattle, was
not working and using them for his own benefit, to which
question the plaintiff objected, and the Court sustained the
objection," &c.

We think the Court erred in prohibiting the testimony
sought from the witness. The declaration in the cause con-
tained the common counts, one of which was for work and
labour, &c. The testimony given by the witness, on his
examination by the plaintiff, tended to sustain that count, and
to establish a cause of action for the plaintiff to some amount
for his care and trouble about the defendant's cattle; but how
much that amount should be, or whether indeed it should be
any thing, certainly depended upon all the circumstances
under which the care and trouble were bestowed. If the
plaintiff had borrowed or hired the cattle and fed them while
in his own service, and such feeding was the labour, &c., for
which he was suing, the defendant surely should have been
allowed, under the general issue, to show the facts, to rebut
the plaintiff's right of recovery in any amount for such ser-
vice, or to reduce the amount of his recovery to what, under
all the circumstances, would be a fair compensation. These
circumstances being a part of the transaction out of which
the plaintiff's claim arose, need not be brought forward in an
account by way of set-off.

The bill of exceptions thus presents the second question:
"After the jury returned their verdict in this cause into
Court, the defendant moved the Court for a judgment for
costs against the plaintiff, because no evidence was offered
by the defendant on the trial in support of his plea of set-off,

and the verdict for the plaintiff was for a sum less than 50 dollars, and the Court overruled the motion," &c.

This question as to the costs arises under our statutes (R. S. 1843, pp. 864, 5), which provide that in actions of debt, assumpsit, and covenant, brought in a Circuit Court, where the sum due or demanded shall not exceed 50 dollars, the plaintiff shall pay the costs. A construction was given to this statutory provision in *Hutchens* v. *Smith*, and in *Edmonds* v. *Paskins* (ante, 122, 196). That construction we understand to be, that the question as to the "sum due or demanded" in the plaintiff's suit, and consequently the question as to costs, are to be determined on the trial by the plaintiff's evidence. If he make out a *prima facie* right of recovery to over 50 dollars, he will be entitled to costs, notwithstanding the defendant may, by his evidence, reduce the amount for which a recovery shall be had below that sum. We think this the only fair rule we can establish. Where there had been mutual dealings between the plaintiff and the defendant, it certainly, under our law which requires parties to prove every item of their accounts by evidence other than their own oaths, would be very hazardous for a plaintiff to give a defendant credit for the amount of his account, thus admitting it, and then incur the risk of being able to prove his own. And where there had not been mutual dealings, where the defendant had no account as a set-off, and the only matter in the suit should be a claim to the reasonable value of goods sold by the plaintiff, the rule adopted would be equally just. Suppose, in this latter case, the goods were fairly valued, on the part of the plaintiff, at 200 dollars, but from real or supposed defects in them established by the defendant, of which the plaintiff had been previously ignorant, a recovery should be had for less than 50 dollars, how could the plaintiff, in such case, have been expected to reduce his claim to less than 50 dollars before suit? In the case before us the evidence is not upon the record, and though the bill of exceptions states that no evidence was given by the defendant in support of his plea of set-off, still he might have given evidence under the general issue of many matters going to reduce the plaintiff's *prima facie* claim. We cannot, therefore, say that the Court erred in regard to the judgment for costs.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. B. Howe*, for the plaintiff.