THE STATE, on the Relation of CRANDALL, *v.* MANN and Others.

Suits upon the official bonds of public officers are within the provisions of ss. 5 and 10 of c. 47 of the R. S. 1843.

Debt upon the official bond of a justice of the peace. Damages assessed at 14 dollars and judgment for the plaintiff accordingly, and against the relator for costs. There appearing to have been no reduction by way. of set-off, *held,* that the judgment against the relator for costs was right.

When a judgment has been rendered for the plaintiff, he cannot complain that a demurrer to a plea was overruled, which, if valid at all, was a bar to the whole action.

*Friday,
May 28.*

ERROR to the *Delaware* Circuit Court.

SMITH, J.—This was an action of debt brought by the plaintiff in error against *Mann* and the securities on his official bond as a justice of the peace. Two breaches were assigned. The first was, that *Crandall* had obtained a judgment against one *Veach,* and that *Mann,* the justice, had unlawfully neglected to issue an execution thereon for the space of six months. The second breach alleged that *Mann* issued an execution on said judgment, which was levied on certain articles of personal property, and returned without a sale being made; and that the justice neglected to issue a *venditioni exponas* for the space of one month, whereby the relator lost the benefit of his judgment.

Several pleas were filed by the defendants, and the cause was submitted to the Court for trial, who found the issues for the plaintiff and assessed his damages at 14 dollars. Judgment was accordingly rendered in his favor

for that amount, and a judgment was rendered in favor of the defendants for their costs.

The plaintiff contends that the Court erred in giving judgment against the relator for costs. The Revised Statutes of 1843 confer exclusive jurisdiction upon justices of the peace, in all actions of debt, covenant, or assumpsit, where the amount in controversy does not exceed 50 dollars, and provide that when any such action is brought in the Circuit Court, the plaintiff shall be adjudged to pay all costs incurred therein. Chapter 47, ss. 5 and 10.

May Term, 1852.

We are of opinion that suits upon the official bonds of public officers, when the damages claimed are less than 50 dollars, are within these provisions. Ib., s. 8. The amount recovered, as there does not appear to have been any reduction by way of set-off, is the proper criterion of the amount in controversy. *Dayton* v. *Hall*, 8 Blackf. 556 (1.)

The plaintiff also contends that the Court erred in overruling a demurrer to one of the pleas. He could not, however, have been injured by this decision, because the plea, if valid at all, was a bar to the whole action. The record does not, indeed, show that issues were joined on any of the pleas, except that of *nul tiel record*. It is evident that the other pleas were disregarded, or, if issues were joined upon them and submitted to the Court, such issues were found for the plaintiff.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Henderson*, for the plaintiff.

*W. March*, for the defendants.

(1) See, also, *Edmonds* v. *Paskins*, 8 Blackf. 196; *Ham* v. *Gregg*, 1 Carter's Ind. R. 81; *Nelson* v. *The State*, 2 id. 249. Also, R. S. 1852, vol. 2, p. 126.