CONNER *v.* the President and Trustees of NEW-ALBANY.

The qualified possession which, by law, the president and trustees of an incorporated town have in the streets, is not sufficient to enable them, for any injury thereto, to maintain an action of trespass *quare clausum fregit.*

*Thursday, November 9.*

ERROR to the *Clark* Circuit Court.

HOLMAN, J.—We learn from the record in this case, that the president and trustees of *New-Albany* commenced an action of trespass in the Circuit Court against *Conner*; in which issue was joined on the plea of not guilty, and a verdict and judgment were rendered for the plaintiffs. The only evidence of trespass was that of digging up the soil, so as to form a road across one of the streets in said town. On this evidence the Circuit Court instructed the jury, that the president and trustees of the town of *New-Albany*, had a right to maintain the action by virtue of the qualified possession which, by law, they had in the streets of the town. To which opinion of the Court *Conner* excepted; and

which opinion is the only error complained of in the case. A Nov. Term, slight attention to the nature of a public street, and an examination of the powers of a town corporate, will enable us to determine this question. A street in a town is a public highway. It is a subject of common use, and not of exclusive possession; an incorporeal hereditament, in which all persons possess equal right, the right of passing over it; and is, in its nature, incapable of being reduced into possession. But it is a subject of government; and the government of it is, by the act regulating the incorporation of towns, placed in the hands of the corporation (1). They have the power to keep it in repair, to remove nuisances, &c.; but this power is no more than a supervisor possesses over a common highway, and is certainly of a very different nature from a possession either absolute or qualified. Consequently, no possessory right exists in the corporation by which the action can be supported. See *Conner* v. *The President and Trustees of New-Albany*, Nov. term, 1819 (2). Works of use or ornament, erected in the streets by the corporation, are of a ●erent nature, and depend on different principles; and, consequently, present no argument which can affect this case. It follows, of course, that the opinion of the Circuit Court is incorrect.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Nelson, Hurst,* and *Moore,* for the plaintiff.

*Dewey* and *Howk,* for the defendants.

Conner
v.
N. Albany.

(1) Ind. Stat. 1816, p. 125.—Vide Ind. Stat. 1823, p. 414.—Annoyances in highways, bridges, and navigable rivers, by rendering them inconvenient or dangerous to pass, are common nuisances, and may be abated by any person passing that way. 5 Bac. Abr. 150, 152. To prevent a multiplicity of suits, individuals are not permitted to sue in these cases of *general* inconvenience; indictment being the only remedy. Co. Litt. 56, a.—4 Bl. Comm. 167. But if there be a *particular* damage, an action lies; as, if by stopping up a highway with logs, the party be thrown from his horse and injured. 5 Bac. Abr. 153. And the injury need not be personal; as, where a person moored a barge across a navigable creek, and another was thereby prevented from navigating it with laden barges, and was put to the trouble and expense of conveying his goods some distance over land, an action on the case was sustained. *Rose* v. *Miles,* 4 M.and Selw. 101. So, where the party shut a gate across a public highway, and a person travelling with laden asses was thereby stopped, and obliged to go a circuitous route, with an obvious loss of time and profit, case was held to lie. *Greasly* v. *Codling,* 2 Bingh. 263.

(2) To maintain trespass *q. c. f.,* the general doctrine in the *English* books is, that the plaintiff must be in *actual possession* at the time the injury is commit-

12

Nov. Term,
18.0.

CONNER
v.
N. ALBANY.

ted: thus, where land is leased for years, and the tenant is in possession, the landlord cannot sue his tenant or a stranger in trespass, for cutting down trees, pulling down houses, &c.; his remedy being case: but the lessee in possession, may have trespass against his landlord, or a stranger, for an injury of that kind. I Chitt. Plead. 49, 50, 176. The actual possession is sufficient on which to ground an action as against a wrong-doer; for he who commits a trespass upon the possession of another, being himself a wrong-doer, has no right to put the other party to the proof of title. *Graham* v. *Peat*, 1 East, 244, and notes.—*The Duke of Newcastle* v. *Clark*, 8 Taunt. 602, per *Dallas*, C. J. Hence, on the plea of *liberum tenementum* in another, and that the defendant entered by his command, that command is traversable. *Chambers* v. *Donaldson*, 11 East, 65; which overrules the doctrine on the subject in *Trevilian* v. *Pyne*, 1 Salk. 107, and in 1 Will. Saund. 347, note 4. But if the defendant can show a right to the possession, although he has entered *by force*, and has subjected himself to an indictment for a breach of the peace, he is not liable in trespass *q. c. f. Taunton* v. *Costar*, 7 T. R. 427.—*Turner* v. *Meymott*, 1 Bingh. R. 158. *Hyatt* v. *Wood*, 4 Johns. R. 150.—*Ives* v. *Ives*, 13 Johns. R. 235. Neither an heir, against an abator; nor a lessee for years; nor a bargainee, though the statute of uses tranfers the possession; can maintain this action *before entry*. 2 Phill. Ev. 132, 133. Vide 6 Bac. Abr. 566.—6 Com. Dig. 388.—1 Chitt. Plead. 176, 177.—*The King* v. *Watson*, 5 East, 485, 487, per *Lawrence*, J.—3 Stark. Ev. 1436.—*Walton* v. *Clarke*, 4 Bibb, 218.—*Carring* *Westerfield*, 3 Marsh. Ky. R. 331.—*Beggs* v. *Thompson*, 2 Ohio R. 95. On this ject, a distinction is taken between real and personal property: in the latter, the general property is deemed sufficient to support the action, without actual possesssion; *aliter* in the former. 1 Chitt. Plead. supra. This distinction, however, has not been strictly adhered to in the U. States. The Supreme Court of the *U. S.* have held, that the patent of a state for vacant land, confers, by construction of law, a seisin in deed; and that the grantee in such a case, without an actual *pedis positio*, may maintain a writ of right. *Green* v. *Liter*, 8 Cranch, 229. Where, however, the demandant relies exclusively upon such a constructive actual seisin, proof of a prior patent of the same lands to a third person, defeats the suit. *Green* v. *Watkins*, 7 Wheat. 27. In *Green* v. *Liter*, supra, the Court say, that a conveyance of wild or vacant lands, gives a constructive scisin thereof, in deed, to the grantee, and attaches to him all the legal remedies incident to the estate. In *New-York* it is said, that the owner of wild, uncultivated land, has a sufficient possession to enable him to maintain trespass; and that the possession of such property follows the title, and continues with it, until an adverse possession is clearly made out. *Jackson* v. *Sellick*, 8 Johns. R. 262, 270, per *Kent*, C. J. In a subsequent case, *Spencer*, J., says, We have carried the principle, as to real property, further than has been done in *England*; and we allow the owner to maintain trespass without actual entry, on the principle, that the possession follows the ownership, unless there be an adverse possession. *Van Brunt* v. *Schenck*, 11 Johns. R. 377, 385. Vide also *Wickham* v. *Freeman*, 12 Johns. R. 183. So, in *N. Carolina. Kennedy* v. *Wheatly*, 2 Hayw. 402. In *Connecticut* it is said, that the ownership of real property, as well as of personal, draws after it the possession, and is sufficient to maintain trespass against an intruder. *Bush* v. *Bradley*, 4 Day's R. 298.

In the case in the text, the president and trustees of the town, had neither the general property, nor the actual possession, of the *locus in quo*. The fee

of the land, over which a highway is dedicated to the public, or established by Nov. Term, law, continues in the original proprietor. The public acquire no more than **1820.** a right of way, with the privileges incident to that right. The enjoyment of the land, subject to this easement, belongs exclusively to the former owner. **GALLION** He has the right to all mines, quarries, &c., not incompatible with the public v. right of way. *Jackson* v. *Hathaway*, 15 Johns. R. 447. He may maintain **M'CASLIN.** trespass *q. c. f.* for any exclusive possession of the soil by another. *Lade* v. *Shepherd*, 2 Strange, 1004.—*Cortelyou* v. *Van Brundt*, 2 Johns. R. 357, 363.—3 Stark. Ev. 1437. He may support ejectment; but the recovery of the land, and the possession given by the sheriff, will be subject to the public easement. *Goodtitle* v. *Alker*, 1 Burr. 133, 145.—*Jackson* v. *Hathaway*, supra.—Adams on Ejectment, 18. It is held, however, in a late *nisi prius* case, that the owner of the soil cannot recover in *ejectment* against a person for setting up a stall in a street, the remedy being *trespass* for disturbing the soil. *Doe* v. *Cowley*, 1 Carr. and Payne, 123. For setting up a stall in a market, trespass *q. c. f.* lies by the owner of the soil. *The Mayor*, &c. *of Northampton* v. *Ward*, 2 Str. 1238. S. C. 1 Wils. 107. Vide also *The Mayor*, &c. *of Norwich* v. *Swan*, 2 Bl. R. 1116.