## EDMONDS *v.* PASKINS.

In actions of debt, assumpsit, and covenant, commenced in the Circuit Court, if the amount of the plaintiff's demand, established by the evidence, exceed, independently of matters of set-off, &c., fifty dollars, the plaintiff will recover costs; but if that amount be only fifty dollars or less, the defendant will be entitled to costs.

Where the record does not contain the evidence, the Court will presume that it was such as to justify the judgment.

ERROR to the *Johnson* Circuit Court.

DEWEY, J.—This was an action of assumpsit commenced in the Circuit Court. The first count is special, and demands

ten dollars. The other counts are the common counts, each demanding more than one hundred dollars. Plea, non assumpsit. The cause was submitted to the Court. Judgment for the plaintiff for ten dollars in damages, and for the defendant for the costs.

It is contended that the plaintiff should have recovered costs.

The action was commenced when the statute of 1838 was in force, and tried under that of 1843; but this is immaterial, as both statutes are substantially the same on the subject of costs in actions of debt and assumpsit. They both provide that, in actions of debt and assumpsit (and the latter statute adds covenant), wherein the sum "due or demanded" shall exceed fifty dollars and not exceed one hundred dollars, exclusive of interest and costs, the Circuit Courts and justices of the peace shall have concurrent jurisdiction; and that if suit be brought in the Circuit Court for fifty dollars or less, the plaintiff shall be adjudged to pay the costs. R. S. 1838, p. 364.—R. S. 1843, pp. 864, 5. When the declaration in the Circuit Court demands fifty dollars or less, there is no difficulty in applying the latter provision to the case. But the declaration may demand more than that sum, when the real debt or demand which the plaintiff is capable of proving, may be less. If the sum demanded by the declaration is conclusive on the subject of costs, it is evident that the statute may be always evaded; that every action of debt, assumpsit, and covenant (however small the real sum due), may be commenced in the Circuit Court, and full costs recovered by the plaintiff; and that justices may be thus practically stripped of all jurisdiction in those actions. This cannot have been the intention of the legislature. We conceive the proper construction of the statute is, that the debt "due or demanded" must be ascertained by the evidence; and that if the amount thus established by the plaintiff exceed, independently of matters of set-off, or other matters of reduction adduced by the defendant, fifty dollars, the plaintiff is entitled to costs; but if that amount be only fifty dollars or less, the defendant is to recover costs.

The record does not contain the evidence in this cause, and we must presume it was such as to justify the judgment of the Circuit Court.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Morrison* and *S. Major*, for the plaintiff.

*W. Quarles*, for the defendant.