### HIGMAN v. BROWN.

Where the plaintiff sues in debt, assumpsit, or covenant, in the Circuit Court, for more than 50 dollars, and proves on the trial a right, *prima facie*, to recover more than 50 dollars, but owing to the defendant's evidence of matters of set-off or of other matters of reduction, the judgment for the plaintiff is only for 50 dollars or for less, the plaintiff, under the R. S. 1843, is entitled to costs.

Where the evidence is not contained in the record, the Court will presume that the facts proved were such as to authorize the judgment.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—*Brown* commenced an action of assumpsit in the Circuit Court against *Higman* for work and labor. The amount of damages claimed in the declaration was 500 dollars. Plea, the general issue. Verdict for the plaintiff for 47 dollars and 50 cents. Judgment in favor of the plaintiff for the amount of the verdict and for costs.

The alleged error is, that the Court gave the plaintiff a judgment for costs. The defendant contends that as the suit was commenced in the Circuit Court, and the verdict is for less than 50 dollars, the defendant, not the plaintiff, was entitled to a judgment for costs. To support this doctrine, the statute of 1843 is relied on. R. S. pp. 864, 865. The rule established under this statute is as follows: Where the plaintiff sues in debt, assumpsit, or covenant, in the Circuit Court, for more than 50 dollars, and proves on the trial a right, *prima facie*, to recover more than 50 dollars, but owing to the defendant's evidence of matters of set-off, or of other matters of reduction, the judgment for the plaintiff is only for 50 dollars, or for less, in that case the plaintiff is entitled to costs. *Edmonds* v. *Paskins*, 8 Blackf. 196.—*Dayton* v. *Hall*, id. 556.

In the case now before us, the evidence is not set out; and we must presume that the facts proved were such as to authorize the judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Pettit* and *S. A. Huff*, for the plaintiff.