## HOLMES v. WRIGHT.

COSTS.—*Title to Real Estate.*—*Bill of Exceptions.*—In an action in which under the pleadings, or under an agreement of the parties, evidence may be introduced bringing in issue the title to real estate, and yet the suit may be determined without such evidence, the Supreme Court will look to the bill of excep-

tions to determine from the evidence whether that issue was before the jury, and will decide the question of costs between the parties accordingly.

SAME.—*Trial by Court.*—Where the court tries a case, it takes the place of a jury, and the question of costs is no part of the finding, but of the judgment upon the finding, and the law as applied to it, and the character of the evidence upon which it is based.

APPEAL from the Jackson Circuit Court.

WORDEN, C. J.—Complaint by the appellant against the appellee, alleging that the defendant wrongfully entered upon certain lands therein described, belonging to the plaintiff, and of which he was in the possession, and trampled and beat down the grass thereon, and tore and cut up the soil, and took and carried away three thousand rails in a fence on said land, and turned the plaintiff's cattle and hogs, feeding and pasturing on said land, out into the highway, etc.

The general denial was filed, and an agreement of the parties entered into, that special matters of defense and reply might be given in evidence which could be given under any valid pleading.

The cause was tried by the court, who found "for the plaintiff two dollars and twenty-five cents, and that said plaintiff recover an equal amount of costs, to wit, two dollars and twenty-five cents, and as to the other costs each party pays the costs made by him."

Judgment was rendered according to the above finding, and exception was taken by the plaintiff.

The only question presented here is whether the appellant was entitled to recover his full costs.

That part of the finding which relates to the costs is no legitimate part of the finding, and may be regarded as stricken out; leaving a general finding for the plaintiff for the amount specified. The court, in the trial of a cause, takes the place of a jury, who have nothing to do with the costs, and cannot by their verdict determine who shall pay them. *Conner* v. *Winton*, 8 Ind. 315. The costs are determined by the law, as applied to the particular case made, and it is the province of the court, after a finding has been made, or a verdict returned, to determine, having in view the

nature of the case, and the amount of the finding or verdict, how the law adjudges the costs.

The question arises whether, on the case tried and the finding had, the law entitled the plaintiff to more costs than damages, or in other words, to full costs. A party is entitled to full costs, unless some different provision is made by law. But the statute provides, that " in all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injuries to character and false imprisonment, and where the title to real estate comes in question." 2 G. & H., 227, sec. 398.

In the case before us the pleadings put in issue the title to real estate; that is to say, the title to the land on which the trespass was charged to have been committed was alleged to have been in the plaintiff, and this was controverted by the general denial filed by the defendant. But this is by no means decisive of the question. The cause might have been tried without the title to real estate in any manner coming in question. The plaintiff, having alleged possession, as well as ownership, might have maintained his action on proof of possession, without proof of title, as possession simply is sufficient to maintain an action against a mere wrong-doer. So again, the title of the plaintiff might have been conceded, and the defense rested on a denial by the defendant of the acts imputed to him; and, indeed, under the agreement to admit all matters of defense and reply without pleading them, there are many ways in which the cause might have been tried without bringing in question the title to the land.

In order to determine whether the title to real estate came in question, we must, unless it is otherwise shown, look to the evidence offered upon the trial. This is illustrated by many cases in our reports.

Thus, in *Dodd* v. *Sheeks*, 5 Blackf. 592, which was trespass *quare clausum*, in which it appeared by bill of excep-

tions that the title to real estate was not brought in question, it was held that the plaintiff was not entitled to recover more costs than damages.   In *Rogers* v. *Perdue*, 7 Blackf. 302, suit was brought before a justice of the peace on a note.   The defendant pleaded that the note was given for land to which the payee had no title.   It was held that there were two answers that could be given to the plea; first, a denial of the alleged consideration; and second, that the payee had title, etc.   The former would not take away the jurisdiction of the justice, while the latter would; and inasmuch as it did not appear from the evidence that proof was offered on the latter proposition, the court would presume there was none.

In *Burnett* v. *Coffin*, 4 Ind. 218, which was an action for overflowing lands by means of a mill-dam, it was held that although the title to real estate might have come in question under the general denial, yet as the evidence was not in the record, it would be presumed, in favor of the ruling of the court on the subject of costs, that it did not.

In *Cromwell* v. *Lowe*, 14 Ind. 234, the action was brought to abate a nuisance which injured land alleged to belong to the plaintiff, and of which he was in possession.   It was held that although the plaintiff might not have been required to make out his title, yet as he offered in evidence his title deeds, sought an instruction on the point, and obtained a verdict, the title to real estate was put in issue, which ousted the jurisdiction of the court of common pleas.

In *Sinclair* v. *Roush*, 14 Ind. 450, the action was for overflowing the plaintiff's land by a mill-dam, and a question arose as to costs under the section of the statute above quoted.   It was held that as it appeared by a bill of exceptions that the title to real estate did not come in question on the trial, the plaintiff's title being admitted, he was not entitled to full costs.

In *Barber* v. *Barber*, 21 Ind. 468, the action was for flowing water upon the plaintiff's land.   He had alleged possession as well as ownership, and a question arose as to costs.   It

was held that as the evidence was not in the record, the court would presume, in favor of the ruling below, that the title to real estate did not come in question.

There is another class of decisions growing out of section 397 of the statute, 2 G. & H. 227, that may be cited as illustrating the proposition, that the right to costs depends, in many cases, upon what is proven on the trial, and that this court will look into the evidence for the purpose of determining whether they have been rightly adjudged, presuming, however, in favor of the ruling below where the evidence is not in the record, and the facts do not otherwise appear. *Edmonds* v. *Paskins*, 8 Blackf. 196; *Dayton* v. *Hall, id.* 556; *Ham* v. *Gregg*, 1 Ind. 81; *Higman* v. *Brown*, 3 Ind. 430; *Foglesong* v. *Moon*, 5 Ind. 545.

The evidence in the cause is all in the record, and from that it appears, quite clearly, we think, that the title to real estate did come in question. The plaintiff and defendant were adjoining proprietors, and there was much evidence offered as to the location of the line dividing their lands, which could have been offered for no other purpose than to show whether the fence alluded to in the complaint stood on the land of the plaintiff, or of the defendant. The title to the land on which the fence stood clearly came in question. The plaintiff's title deeds were given in evidence, as were also several surveys, as well as other evidence tending to establish the boundary. Indeed, in finding for the plaintiff, the court, it would seem, must have found that the land on which the fence stood belonged to him; for if it did not belong to him, it belonged to the defendant, and the plaintiff's mere possession would have been unavailing against the owner.

It follows that the case is within the exception contained in the statute above quoted, and that the plaintiff was entitled to recover full costs.

The judgment below, in respect to costs, is reversed, with costs here, and the cause remanded, with instructions to the court below to render judgment for full costs in favor of the plaintiff.*

*J. S. Hester, D. H. Long, B. E. Long,* and *S. E. Perkins, Jr.,* for appellant.

*J. B. Brown, M. M. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellee.

*Petition for a rehearing overruled.