## NOAH *v.* ANGLE.

PRACTICE.—*Striking out Pleading.*—*Harmless Error.*—Error in striking out a paragraph of a pleading is harmless, where the facts therein alleged are admissible in evidence under a remaining paragraph.

EVIDENCE.—*Damages.*—*Opinion of Witness.*—*Watercourse.*—The damages to be recovered for an alleged wrongful obstruction of a watercourse forming the line between the lands of the parties can not be estimated by the mere opinion of a witness.

SAME.—*Time.*—*Evidence of Previous Tort.*—Where, in such case, the tort is alleged by the complaint to have been committed on a particular day, evidence of similar torts, previously committed, is inadmissible.

SAME.—*Costs not Exceeding Damages.*—*Form of Motion.*—*Practice.*—The verdict in such case assessed the plaintiff's damages at one dollar, whereupon the defendant moved the court "for a judgment for all the costs in the case, except the sum of one dollar, against the plaintiff."

*Held*, that the motion was properly overruled.

*Held*, also, that the proper motion in such case is, "that the plaintiff recover no more costs than damages," etc.

From the Franklin Circuit Court.

*H. Berry* and —— *Berry*, for appellant.

*S. E. Urmston*, for appellee.

BIDDLE, J.—Complaint by the appellee against the appellant, alleging the obstruction of a watercourse which forms the line between the lands of the parties.

Answer, general denial and two special paragraphs.

On motion of appellee, the court struck out the second paragraph. Exceptions. Trial by jury; verdict for appellee, one dollar.

Over a motion for a new trial, and exceptions, the court rendered judgment on the verdict, and, over a motion to tax all the costs over one dollar to the appellee, rendered a judgment for full costs in his favor. Exceptions.

The following questions are presented by the record and discussed by the appellant.

1. Did the court err in striking out the second paragraph of answer?

We need not examine this question very carefully. The third paragraph of answer, upon which the appellee took issue, was the same, in effect, as the second. The appellant had all the benefit of the matter alleged in the second paragraph by the issue formed upon the third. He can not therefore complain.

2. At the trial the appellee asked James Johnson, a competent witness, the following question:

" State what amount of damage, if any, in your opinion, the plaintiff has sustained on account of this washing, occasioned by this obstruction."

Over an objection and exception, the court allowed the witness to answer the question, as follows:

" I should state the damage at twenty-five dollars."

This is erroneous. The damages should not have been estimated by the opinion of the witness, but by the jury from the facts proved. *The Evansville, Indianapolis and Cleveland Straight Line R. R. Co. v. Fitzpatrick*, 10 Ind. 120; *Sinclair v. Roush*, 14 Ind. 450; *Mitchell v. Allison*, 29 Ind. 43; *The City of Logansport v. McMillen*, 49 Ind. 493.

3. The injury complained of, and the time it was committed, are averred in the complaint in the following words: " That said defendant, with force and arms, on the 1st day of May, 1876, entered upon said lands, and erected fences and walls, and threw and put into said creek brush, stones, lumber and other materials, upon the lands of said plaintiff," etc.

Under this averment, and over the objections of the appellant, the court allowed evidence to go to the jury tending to prove similar injuries done at different times. before the 1st day of May, 1876. Was this ruling correct?

As a general rule, when the injury complained of con-sists of a single act, committed at one time, the time at which it is alleged in the complaint to have been done is not material, when it is within the statute of limitations; but when the injury complained of consists of a se-ries of acts, done from time to time, continued and maintained through a given period, the time may become material, and the party, in such case, will be confined in his proof within the limits of his allegations; as when tres-pass to lands is laid with a *continuando.* Time may also. become material in identifying an act, and as the means of limiting the damages caused by the act alleged.

According to the case of *Kortz* v. *The City of Lafay-ette,* 23 Ind. 382, we think the court erred in admitting evidence tending to prove injuries done before the 1st day of May, 1876.

4. The court also refused to give an instruction to the jury limiting the damages to acts done upon and after the 1st day of May, 1876, up to the commencement of this suit. Upon the same principle, this ruling was also erro-neous.

5. At the proper time, the appellant moved the court " for a judgment for all the costs in the case, except the sum of one dollar, against the plaintiff."

This motion was properly overruled. The motion should have been, that the plaintiff recover no more costs than damages, namely, one dollar. This is what the statute says. 2 R. S. 1876, p. 195, sec. 398.

Such a motion, as the title to real estate did not come in question by the evidence, should have been sustained.

*Willman* v. *Clouser*, 16 Ind. 318 ; *Holmes* v. *Wright*, 36 Ind. 383 ; *Floyd* v. *Miller*, 61 Ind. 224.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with directions to sustain the motion for a new trial, and for further proceedings.