STAHL, Appellant, vs. GROVER, Respondent.

*November 21 — December 15, 1891.*

*Trespass: Possession.*

One in the actual occupation of land may maintain trespass against any person except the real owner or the person having the right of possession.

APPEAL from the Circuit Court for *Ashland* County.

Trespass *quare clausum.* The facts are sufficiently stated in the opinion. The trial court directed a verdict for the defendant, and from the judgment thereon the plaintiff appealed.

For the appellant there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *A. F. Wright. John, F. Dufur,* for the respondent.

COLE, C. J. This is an action for trespass to real estate. In the complaint the plaintiff did not set up title to the premises, but relied upon his possession. The answer is a general denial, and alleges that the defendant is the owner and lawfully possessed of the premises, and that the plaintiff has no title or interest in them. The premises consist of portions of lots 1 and 2 in block 25, in the village of La Pointe. They are inclosed with a fence, and have been for many years, and the plaintiff testified he had repaired and kept up the fence, and had occupied the inclosure and raised crops thereon, since the fall of 1883, undisturbed, till May, 1887, when the defendant entered upon it and injured the grass and herbage growing thereon.

There was considerable testimony as to the occupancy of these lots since 1853, and it appeared that they had been occupied by a number of persons, none of whom, however, had any title to them. Nor does either of the parties to

this suit show that he has any valid title to them. Some deeds were introduced on the trial to show title, but they were plainly defective and conveyed none. At the close of the case on both sides the circuit court ruled that the plaintiff had failed to show any valid claim to the land, his possession not having continued long enough to give him the right of possession, and directed a verdict for the defendant. As we understand the ruling of the learned circuit court, it held that, under the pleadings, the plaintiff must show that he had been in the actual, continued occupation of the premises a sufficient length of time to give him title by prescription, otherwise he could not maintain the action.

There was abundant testimony that the plaintiff had been in the actual and undisturbed possession of the premises for four or five years before his possession was invaded by the defendant; that he had cultivated them, and kept up the fences inclosing them; and was not this sufficient, as against one who showed no legal title to the land and no right to the possession? It seems to us it was. The defendant could not justify his entry upon the premises unless he had the legal title or right of possession. The question was not whether the plaintiff had a legal title. If he was in the actual possession, he had the right to retain it as against a wrong-doer. The gist of the action is the injury to the possession, and, though the title may come in question, yet it is not essential to the action that it should. 1 Chit. Pl. 195. Actual and exclusive possession without a legal title is sufficient as against one who cannot make out a title *prima facie* entitling him to the possession, or who shows no right or authority from the real owner. Trespass to real estate is a possessory action, founded merely on the possession, and it is not necessary that the title should come in question. *Lambert v. Stroother*, Willes, 221. One in possession under a void lease may maintain trespass against a

wrong-doer.   *Graham v. Peat*, 1 East, 244.   Whoever is in possession may maintain the action against a wrong-doer to his possession. *Harker v. Birkbeck*, 3 Burr. 1563.   Mr. Chitty refers to these cases and others in his text on page 197, and there is no doubt that a person in the actual occupation of land may maintain trespass against any person except the real owner or the person having the right of possession.

It seems to us that the plaintiff showed such possession and acts of ownership over the premises as entitled him to maintain the action, or, at all events, to have the question of possession submitted to the jury.   It can hardly be said that this was a case where the plaintiff and defendant had concurrent or mixed possession, neither party having any other title, for the plaintiff had exclusive priority of possession from the fall of 1883 till May, 1887, when the defendant intruded on the premises.   It is not material to inquire as to who had occupied the premises prior to 1883, for all appear to have been mere trespassers without any color of right or title.   The defendant certainly can derive no aid from such previous occupation, as it was merely temporary or fugitive in its character.   As the plaintiff rested his action on his actual possession, it was not necessary for him to show a right of property, his possession being lawful except against the real owner or a person having a better right of possession.   It is true, the title of property is often put in issue in an action of trespass, and litigated.   That was the case in *Stephenson v. Wilson*, 37 Wis. 482.   There the plaintiff was unable to show actual and exclusive possession of the land, but relied on his legal title.   It is said in the opinion that both parties claimed title to the land, and both parties claimed to have had actual possession when the alleged trespass was committed.   Though the *gravamen* of the complaint was for an injury to the plaintiff's possession, yet the pleadings put in issue the right or

title to the property. That was the main point litigated, and it was held that, under the circumstances, the plaintiff could only recover by showing that he had a valid legal title. Possession, it was assumed, would follow the title, and would aid, with the acts of mining which were done on the premises, to defeat the tax title under which the defendant claimed. But it was not intended to lay down any new rule as to what the plaintiff must show in an action of trespass *quare clausum*. This is very apparent from the decision of *Field v. Apple River L. D. Co.* 67 Wis. 570.

We do not deem it necessary to point out the defects in the various deeds which were offered in evidence. It is enough to say that none of them showed a good legal title in either of the parties to the suit. The parties must therefore stand upon their possession, and the possession of the plaintiff is sufficient to entitle him to maintain the action as against the defendant, who did not show that he had a better right of possession. If it were a case of mixed possession, then the question as to who had the prior right should have been submitted to the jury. Upon the evidence, the circuit court erred in directing a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.