Reilly vs. Howe.

REILLY, Respondent, vs. HOWE, Appellant.

*October 13 — November 1, 1898.*

*Justices' courts: Title to land: Boundaries: Trespass: Adverse possession: Court and jury.*

1. In an action, brought in a justice's court by one landowner against the adjoining owner, the complaint charged a trespass in removing the division fence between them over upon land of which the plaintiff claimed to be the owner and in possession, and the answer alleged that the land upon which the trespass was charged to have been committed was at the time owned and occupied by the defendant. *Held*, that the title to land was involved, and the case properly removed to the circuit court, under secs. 3619, 3620, R. S. 1878.

2. In an action for a trespass to land it appeared that the parties, after having the division line between them surveyed, placed their fences accordingly, but two years later the defendant caused a new survey to be made and commenced removing the fence to the new line, upon land then and for two years occupied by the plaintiff. *Held*, that the plaintiff's exclusive possession of such land was sufficient to enable him to maintain trespass against any one who could not show title in himself or a right to occupy from the real owner.

3. In such action the question as to the correctness of the respective
surveys was one for the jury.

4. Proof of possession by defendant of the strip of land in question for
many years prior to the first survey would not establish title by
adverse possession in him, in the absence of proof that such occu-
pation was under claim of title.

APPEAL from a judgment of the circuit court for La Fay-
ette county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

This was an action of trespass, begun in justice's court, and
removed to circuit court on plea of title, under R. S. 1878,
secs. 3619, 3620. The facts were that the plaintiff and the
defendant occupied adjoining premises, the plaintiff's land
being the N. ½ of the N. E. ¼ of section 15, and the defend-
ant's land being the S. ½ of the S. E. ¼ of section 10. For
many years prior to 1894 there was a rail fence between
these two eighties, the west half of which was maintained by
the defendant, and was crooked and wavering. In June,
1894, the parties hired a surveyor to make a survey of the
line between the eighties, and by this survey so made the
west half of the fence appeared to be from two to fifteen
feet south of the true line between the two eighties. In
making this survey, the surveyor started from a stone in the
highway which was supposed to be the northeast corner of
section 15. In November, 1894, the plaintiff notified the
defendant to move his half of the rail fence, and the defend-
ant thereupon removed it, and put a fence of posts and three
wires on the new line, thus throwing this strip between the
location of the wavering rail fence and the line fixed by the
surveyor into the plaintiff's inclosure. From this time until
the summer of 1896 the plaintiff had possession of this strip.
The defendant, some time after building his new fence, had
another survey made of the line, on the theory that the
northeast corner of section 15 was a lost corner, and upon
this theory the line between the two eighties was located
about four feet south of the line made by the survey of 1894;

and thereupon, in August, 1896, the defendant commenced to put up a new fence on the line of this second survey, and the plaintiff commenced an action of trespass.    The plaintiff failed to prove record title to the land which he occupied, but rested upon his possession.    The defendant proved record title to the S. ½ of the S. E. ¼ of section 10, and also proved that the old rail fence had stood for many years, but offered no proof of adverse possession.    A motion for a nonsuit was overruled, and the court instructed the jury as follows: "That plaintiff is not entitled to a verdict in his favor unless the proofs satisfy you that, at the time the fence in question was built by the defendant, the building of which is claimed to be a trespass by the plaintiff, the plaintiff was in the actual and exclusive possession of the land where the fence was built."    The court further instructed the jury as follows: "I have no instructions to give you in this case, other than to repeat the statement that has been made in your hearing before,— that if you are convinced, by the preponderance of the testimony, that the fence built by the defendant was upon land owned and possessed by the plaintiff, your verdict should be for the plaintiff for fifty cents, but if you are not so convinced your verdict will be for the defendant." The jury rendered a verdict for the plaintiff, and the defendant appeals.

For the appellant there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*.

For the respondent there was a brief by *E. F. Conley* and *Spensley & McIlhon*, and oral argument by *Calvert Spensley*.

WINSLOW, J.    Undoubtedly this was a case where the title to land was in question.    The complaint alleged ownership and possession of certain lands by the plaintiff, and trespass thereon by the defendant.    The answer contained a general denial, with allegations that the acts alleged to be trespasses were not on plaintiff's land, but on defendant's land, be-

cause the true line between the parties was south of the
place where the alleged trespasses were committed. This
answer clearly raised the question of title to the land where
the new fence was built. *Ames v. Meehan*, 63 Wis. 408. So
the defendant's motion to dismiss the action for lack of
jurisdiction in the circuit court was properly overruled.

The plaintiff attempted to prove paper title to the N. $\frac{1}{2}$ of
the N. E. $\frac{1}{4}$ of section 15, but failed. He did, however,
prove, without dispute, that since November, 1894, when
the defendant built a fence on the line of the first survey,
he (the plaintiff) had been in exclusive possession of all the
land south of that fence, and was so in possession in 1896,.
when the defendant entered upon it and commenced to
build a new fence three or four feet south of the fence of
1894. Thus it was undisputed that the defendant entered
on lands which were in the sole and peaceable possession of
the plaintiff, and dug post holes, and commenced to erect a.
fence.

It is elementary that sole and exclusive possession is suffi-
cient to entitle a party to maintain an action of trespass as
against one who cannot show title in himself or a right to
occupy from the real owner. *Stahl v. Grover*, 80 Wis. 650.
The defendant proved paper title to the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$
of section 10, and also showed that by one survey the south
line of his property was where he was building the fence.
But there was in the case already proof of another survey;
by which the line was located several feet to the north, and
on the line where the defendant built his fence in 1894. So
the question was as to the correctness of the rival surveys,.
and this was a question for the jury, and in fact the only
question in the case. There was no evidence upon which
title could be found in the defendant by adverse possession.
It is true that the old rail fence had been in existence many
years prior to 1894, and that the defendant and his grantors
had occupied up to it, but there is nothing to show that such

occupation was under claim of title at any time; and, on the contrary, the fact that both parties joined in having a new survey made in 1894 for the purpose of establishing the line, and that the defendant moved his fence to the line so established, is very clear proof that he was not then claiming to own further than the true line, and must be considered as conclusive, in the absence of any explanation. The jury having, in effect, decided, without error, that the survey of 1894 was correct, judgment for the plaintiff necessarily follows.

*By the Court.*— Judgment affirmed.