## SCHAEFFER v. ROMINGER.

[No. 3,912. Filed October 10. 1901.]

APPEAL.—*Transcript.*—*Precipe.*—Only such papers and entries as are designated in the precipe to the clerk are a part of the record on appeal. *p. 411.*

SAME.—*Transcript.*—*Instructions.*—Instructions not mentioned in the clerk's final certificate to the transcript are not properly in the record. *p. 411.*

COSTS.— *Action for Trespass.— Judgment for Less than $5.—* In an action for trespass the jury returned a verdict for plaintiff for one cent damages, and judgment was entered taxing the costs in excess of one cent to plaintiff, in accordance with §601 Burns 1894, the judgment being for less than $5. After judgment, a motion to tax all costs to defendant on the ground that the title to real estate was involved, and thus came within an exception to the statute, was overruled. *Held,* on appeal, that, in the absence of the evidence, the judgment for costs will not be disturbed, although the pleadings bring into question the title to real estate, since it does not necessarily follow that the question of title was raised at the trial. *pp. 410-414.*

From Bartholomew Circuit Court; *F. T. Hord,* Judge.

Action by John G. Schaeffer against Julius C. Rominger for trespass. From a judgment for plaintiff for one cent costs, plaintiff appeals. *Affirmed.*

*J. F. Cox* and *A. N. Blessing,* for appellant.

*Marshall Hacker, John Rynerson* and *R. H. Spaugh,* for appellee.

WILEY, P. J.—Appellant was plaintiff below, and sued appellee, sounding in tort. The action was to recover damages for trespass. Issues were joined by answer and reply, trial by jury, resulting in a verdict for appellant for one cent damages. Immediately following the return of the verdict, the court pronounced judgment thereon in favor of appellant in the sum of one cent as his damages, and also judgment in favor of appellant for costs in the sum of one cent. To the rendition of this judgment, appellant did not enter any objection, and did not move to modify the same. The verdict was returned, and the above judgment was rendered on the 21st of December, 1899. Five days thereafter appellant filed the following motion: "The plaintiff * * * moves the court for a judgment on the verdict heretofore returned herein, for all his costs in this behalf laid out and expended." This motion was overruled, and to such ruling appellant excepted. The motion and the ruling thereon were ordered to be made a part of the record without a bill of exceptions. The overruling of this motion is the only error assigned.

It is evident that the trial court in rendering judgment in favor of appellant for one cent costs was guided by §601 Burns 1894. By that section it is provided that "in all actions for damages solely, not arising out of contract, if the plaintiff do not recover $5 damages, he shall recover no more costs than damages, except in actions for injuries to character and false imprisonment, and where the title to real estate comes in question."

It is contended by counsel that appellant was entitled to recover all his costs, upon the theory that the title to real estate was in question, and urges that the record discloses that fact. The record embraces the following: The amended complaint, answer, and reply, together with all order-book entries relating thereto. Also the orders of the court showing the submission to the jury, verdict, and judgment, and the motion for judgment for all costs as above

stated. An attempt has also been made to bring the instructions into the record.

The instructions, however, are not properly in the record, and can not be considered for any purpose. The appellant filed with the clerk below a precipe, directing what papers, entries, etc., should be certified to this court on appeal. By that precipe the clerk was directed to prepare and certify for use on appeal the following: The amended complaint, the answer, the reply, and the order-book entries thereof. Also "all entries, filings, orders, and exceptions in said cause subsequent to the filing of the amended complaint." There is no direction to the clerk to embrace in the transcript of the record the instructions.

It is the firmly established rule in this State that only such papers and entries as are designated in said precipe are properly a part of the record on appeal. In the recent case of *Johnson* v. *Johnson,* 156 Ind. 592, a precipe was filed directing what papers and entries the clerk below should certify in the transcript on appeal. In making up the record the clerk not only embraced in the transcript the papers and entries designated in the precipe, but also the original bill of exceptions containing the evidence. The court by Monks, J., said: "Under such conditions, if said original bill of exceptions containing the evidence was embodied in the transcript, and properly authenticated, the same would not be a part of the record and could not be considered." See, also, *McCaslin* v. *Advance Mfg. Co.,* 155 Ind. 298, and cases there cited; *Brown* v. *Armfield,* 155 Ind. 150.

There is another reason why the instructions in the case before us cannot be considered for any purpose, and that is, they are not properly authenticated. In the clerk's final certificate to the transcript no mention is made of the instructions. So, if there was no other reason, this omission would make it impossible for us to consider them. An appellate tribunal disposes of a case upon the record, and it can only consider such parts of the record as are properly authenti-

cated under the hand of the officer making it, attested by the seal of the court. All parts of a record properly authenticated import absolute verity, while matters embraced in a record not authenticated are without binding force, and must be disregarded. No attempt has been made to bring the evidence into the record. We are therefore left to determine the questions raised by this appeal upon the pleadings alone.

The amended complaint avers that appellant was the owner and in possession of certain real estate, and states facts sounding in tort, upon which he rests his right to recover damages for trespass upon such real estate. The answer was in four paragraphs, viz.: (1) General denial; (2) statute of limitations; (3) that at the time of the alleged injury appellant was not the owner of the real estate, and (4) that the acts complained of were done with the knowledge and consent of appellant. The reply was a general denial.

If it be conceded that the issues bring into question the title to real estate, yet it does not necessarily follow that in the trial of the case the question was raised by the evidence. It may be that upon the trial appellant's title was conceded. Or it may be that the evidence showed that appellant was merely in possession of the land, and one in possession may recover damages for trespass against a wrongdoer. In *Barber* v. *Barber*, 21 Ind. 468, appellant brought an action to recover damages for a nuisance, and to abate the same. He alleged in his complaint that he was the owner in fee of certain real estate, and in possession. The case was tried by a jury, resulting in a verdict for $1 damages, on which verdict the court rendered judgment for the damages assessed, and for $1 of his costs. There was no judgment abating the nuisance.

The answer in the case was a denial and affirmative matter. Upon the question as to the correctness of the judgment as to costs the court said: "Did the title to real

estate come in question? As before observed, the evidence is not before us, and we must presume in favor of the ruling of the court below, that the title did not come in question, if, under the pleadings, the plaintiff could have recovered without proving title. In the complaint it is not only alleged that the plaintiff was the owner of the land in fee, but also that he was possessed thereof. Proof of possession was sufficient to maintain the action. See note 2 to the case of *Conner* v. *New Albany,* 1 Blackf. 88, 12 Am. Dec. 207, where it is said that 'actual possession is sufficient on which to ground an action as against a wrongdoer; for he who commits trespass upon the possession of another, being himself a wrongdoer, has no right to put the other party to the proof of title.'" Finally the court said: "As the plaintiff herein might have recovered by showing possession * * *, without proving title, and as the evidence is not before us, we will presume that the title did not come in question, and affirm the judgment below."

In *Holmes* v. *Wright,* 36 Ind. 383, the title to real estate was put in issue by the pleadings, and the action was to recover damages for trespass. The court, after stating that the title to real estate was put in issue by the pleadings, said: "But this is by no means decisive of the question. The cause might have been tried without the title to real estate in any manner coming in question. The plaintiff, having alleged possession, as well as ownership, might have maintained his action on proof of possession, without proof of title, as possession simply is sufficient to maintain an action against a mere wrongdoer. So again, the title of the plaintiff might have been conceded, and the defense rested on the denial by the defendant of the acts imputed to him; * * *. In order to determine whether the title to real estate came in question, we must, unless it is otherwise shown, look to the evidence offered upon the trial." This proposition is illustrated by many cases in our reports, of which we cite the following: *Dodd* v. *Sheeks,* 5 Blackf. 592; *Rogers* v.

*Perdue,* 7 Blackf. 302; *Burnett* v. *Coffin,* 4 Ind. 218; *Cromwell* v. *Lowe,* 14 Ind. 234; *Sinclair* v. *Roush,* 14 Ind. 450; *Barber* v. *Barber,* 21 Ind. 468.

There is another class of decisions growing out of §601 Burns 1894, that may be cited as illustrating the proposition, that the right to costs depends, in many cases, upon what is proved on the trial, and that an appellate court will look into the evidence for the purpose of determining whether or not they have been rightly adjudged, presuming, however, in favor of the ruling below where the evidence is not in the record and the facts do not otherwise appear. See *Holmes* v. *Wright,* 36 Ind. 383; *Edmonds* v. *Paskins,* 8 Blackf. 196; *Dayton* v. *Hall,* 8 Blackf. 556; *Ham* v. *Gregg,* 1 Ind. 81; *Higman* v. *Brown,* 3 Ind. 430; *Foglesong* v. *Moon,* 5 Ind. 545.

These cases settle the question under consideration adversely to appellant.

Judgment affirmed.