Ingram *v*. Jeffersonville, etc., Transit Co.—65 Ind. App. 532.

25. conduct of appellant's authorized agent, acting within the scope of his agency, or as sometimes expressed by the courts, appellant is thereby estopped to deny such waiver. *Insurance Co.* v. *Norton* (1877), 96 U. S. 234, 24 L. Ed. 689; *Havens* v. *Home Ins. Co.*, *supra*, 93, 95; *Sweetser* v. *Odd Fellows, etc., Assn.* (1889), 117 Ind. 97, 100, 19 N. E. 722; *Phenix Ins. Co.* v. *Tomlinson* (1890), 125 Ind. 84, 86, 25 N. E. 126, 9 L. R. A. 317, 21 Am. St. 203; *Union, etc., Ins. Co.* v. *Whetzel* (1902), 29 Ind. App. 658, 666, 65 N. E. 15, and cases cited.

\ The petition for a rehearing is overruled.

NOTE.—Reported in 114 N. E. 763, 116 N. E. 752. Insurance: waiver of stipulation in policy that conditions can be waived, only by writing issuing from the insurer; 107 Am. St. 99, 100, 19 Cyc 777, 778.

---

INGRAM *v*. JEFFERSONVILLE, NEW ALBANY AND SELLERSBURG RAPID TRANSIT COMPANY ET AL.

[No. 9,292.   Filed May 8, 1917.   Rehearing denied November 2, 1917.]

1. DEEDS.—*Foreign Deeds.—Sufficiency.*—A deed for real estate in Indiana executed in another state, though differing in form from that authorized by statute in this state, may nevertheless convey title. p. 537.

2. ACKNOWLEDGMENT.—*Deeds.—Sufficiency.—Certificate of Foreign Notary.*—A deed executed in another state conveying land in this state acknowledged by each of the grantors before a notary public with indications that a seal was attached and that the acknowledgment of the grantors' wives were taken out of the hearing and presence of their husbands sufficiently complied with §§476, 3965, 3982 Burns 1914, §§460, 2933, 2947 R. S. 1881, as to notary's certificates and acknowledgment of instruments, to entitle the instrument to be recorded, and such deed was admissible in evidence as against the objection that it was not properly acknowledged. p. 537.

3. EVIDENCE.—*Deeds.—Admissibility.*—In an action in trespass by one claiming ownership of certain lands, where a deed for

MAY TERM, 1917. 533

Ingram *v.* Jeffersonville, etc., Transit Co.—65 Ind. App. 532.

the land to A was admitted in evidence, a later deed to plaintiff purporting to have been executed by the heirs of A and the trustee under his will shows sufficient connection between the grantee of the first deed and the grantors of the second to warrant the latter's admission in evidence as tending to show title in plaintiff. p. 538.

4. TRESPASS.—*Extent of Possession.*—*Evidence.*—*Deeds.*—In an action in trespass where plaintiff alleged that she was in possession of the land involved and that she was wrongfully excluded therefrom, a deed to plaintiff sufficient to give color of title authorized her to claim possession of all the land described therein, though actual possession may have extended only to a portion thereof, and such deed was admissible in evidence to show the extent and character of plaintiff's possession. p. 538.

5. TRESPASS.—*Damages.*—*Elements.*—Under a complaint alleging both title and possession of real estate in plaintiff, there may be a recovery of damages against a wrongdoer for trespass upon the realty resulting in injury thereto and an interference with the possessory rights of plaintiff therein. p. 538.

6. TRESPASS.—*Right to Sue.*—*Character of Possession.*—Rightful possession at the time of the trespass is sufficient to warrant an action therefor, though the party injured, because of the wrongful conduct of the trespasser or for other reasons, may be out of possession when the action is begun. p. 539.

7. TRESPASS.—*Complaint.*—*Issues.*—*Proof.*—In an action in trespass, under a complaint alleging ownership of land and possession at the time of the trespass, plaintiff is entitled to prove possession, the trespass and injury to the property interfering with the right of possession, and the damages sustained without first proving a record title to the realty involved. p. 539.

8. TRESPASS.—*Complaint.*—*Legal Title.*—*Proof.*—In an action in trespass, where plaintiff merely alleged that she held the legal title to the land involved, she was entitled to prove any pertinent facts tending to show legal title, which includes title by adverse possession, and it was error for the trial court to require that she show record title. p. 540.

From Floyd Circuit Court; *William H. Paynter,* Special Judge.

Action by Anna L. Ingram against the Jeffersonville, New Albany and Sellersburg Rapid Transit Company and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Stannard & Howard* and *Jewett, Bulleit & Jewett,* for appellant.

*George H. Voight* and *Stotsenberg & Weathers,* for appellees.

FELT, C. J.—This is an action for damages for trespass upon real estate brought by appellant against the Jeffersonville, New Albany and Sellersburg Rapid Transit Company, the Southern Indiana Interurban Railway Company, and the Louisville and Southern Indiana Traction Company. The case was tried on an amended complaint in one paragraph and separate answers by each of the defendants which included the general denial; a plea of the statute of limitations; that the real estate had been duly appropriated by the Jeffersonville, New Albany and Sellersburg Rapid Transit Company; and that the real estate described in the complaint was a public highway. Appellant filed a reply in general denial to each of the special answers. At the close of plaintiff's evidence the court gave a peremptory instruction in favor of the defendants, and the jury returned a verdict in favor of each of the appellees. Appellant's motion for a new trial was overruled and judgment rendered on the verdict. The overruling of the motion for a new trial is the error assigned and relied on for reversal of the judgment.

The gist of the amended complaint is that on and prior to the time of the alleged trespass appellant "was *the owner* in fee simple and *in possession of certain real estate*" therein described, and that except as wrongfully excluded therefrom by appellees she is still the owner and in possession of said real estate. Facts are averred to show the incorporation of appellees and the successive transfer, ownership and operation of the line of road on or near the property of appellant de-

MAY TERM, 1917. 535

Ingram *v.* Jeffersonville, etc., Transit Co.—65 Ind. App. 532.

scribed in the complaint. It is also averred that appellant never at any time gave any license to either of appellees, or to any one else, to construct and maintain said interurban railroad over and upon her real estate; that the Jeffersonville, New Albany and Sellersburg Rapid Transit Company, without any license from appellant, and without payment of damages therefor, wrongfully entered upon said real estate of appellant, took possession thereof, cut ditches, and built embankments thereon, and otherwise trespassed upon appellant's land to her damage; that a strip of appellant's land was taken by said company, which land so taken constituted the only way of ingress to and egress from appellant's lands adjoining to the land so wrongfully taken as aforesaid, and a private way of appellant was thereby entirely destroyed; that by the seizure and appropriation of appellant's land she has been entirely deprived of the use and enjoyment thereof; that the real estate so wrongfully taken was, when so taken, of the value of $500, and the remainder of appellant's adjoining real estate has been damaged by the wrongful acts aforesaid in the sum of $2,000; that by reason of the aforesaid trespass and all the wrongs and grievances alleged appellant has been damaged in the sum of $3,-000, for which amount she demands judgment.

The motion for a new trial contains thirty-eight alleged reasons, among them, that the verdict of the jury is not sustained by sufficient evidence; error in instructing the jury to find for the defendants, and numerous alleged errors in excluding evidence offered by appellant.

Appellant offered in evidence a certain deed of partition executed in October 1854, by and between three persons, by means of which certain real estate was conveyed to one Garnett Duncan, of which the land described in the amended complaint is a part. Appellant

536    APPELLATE COURT OF INDIANA,

Ingram *v.* Jeffersonville, etc., Transit Co.—65 Ind. App. 532.

then offered in evidence a deed to her for the land described in the complaint purporting to have been executed on September 7, 1889, by the heirs at law of said Garnett Duncan, deceased, viz., Kate B. Lewis and Thomas A. Lewis, her husband, Blanton Duncan and Mary Duncan, his wife, and Thomas A. Lewis and Blanton Duncan, trustees under the will of Garnett Duncan, deceased. Appellees objected on the ground that no connection had been shown between the grantors of the deed offered in evidence and the grantees in the deed already in evidence, and for the further reason that the deed was not executed and acknowledged as required by the laws of this state. The court sustained the objection and appellant excepted to the ruling.

Before offering the deed appellant proved by W. T. Ingram, her husband, that he procured the deed from Kate B. Lewis and others to appellant, Anna L. Ingram; that he knew Kate B. Lewis and she was the daughter of Blanton Duncan; that for five years prior to September 7, 1889, he had a lease on the real estate described in the deed; that he paid the rent therefor to Judge Jewett as attorney for Kate B. Lewis; that he purchased the real estate from Kate B. Lewis and others and had the title conveyed to his wife.

The deed excluded is set out in the record. An examination of it shows that it was executed in the state of California on September 7, 1889, by Thomas A. Lewis, trustee of Kate B. Lewis, and Kate B. Lewis and Thomas A. Lewis, her husband, and Blanton Duncan, trustee under the will of Garnett Duncan, and Blanton Duncan and Mary Duncan, his wife, "parties of the first part and Mrs. Anna L. Ingram, of Jeffersonville, Indiana, of the second part, witnesseth that the said first parties have sold and conveyed and by this deed do hereby sell and convey, with general warranty, to Mrs. Anna L. Ingram, for the sum of" $2,178.75, certain real

estate in Clark county, Indiana, particularly described, "being a part of the estate of Garnett Duncan, deceased." The instrument is acknowledged by each of the grantors before a notary public, with indication that a seal was attached, and that the acknowledgments of the wives were taken out of the hearing and presence of their husbands. The deed was recorded on September 27, 1889, in the recorder's office of Clark county, Indiana.

A deed executed in another state, though differing in form from that authorized by statute in this state, may nevertheless convey to the grantee the title
1. to real estate in this state. 13 Cyc 526; *Jackson* v. *Green* (1887), 112 Ind. 341, 14 N. E. 89; *Fisher* v. *Parry* (1879), 68 Ind. 465, 468.

The differences in the form of the deed offered in evidence and excluded by the court from our statutory form of conveyances do not in any material sense
2. change the effect of the instrument. The acknowledgments were not invalidated by the manner in which they were taken, or by the form of the certificate used by the notary. They were duly certified under the seal of the notary, and sufficiently complied with our statutes to entitle the instrument to be recorded in this state and to make it "presumptive evidence of the official character of such instrument and of the facts therein set forth." §476 Burns 1914, §460 R. S. 1881; §3965 Burns 1914, §2933 R. S. 1881; §3982 Burns 1914, §2947 R. S. 1881; *Winship* v. *Clendenning* (1865), 24 Ind. 439, 443; *Carver* v. *Carver* (1884), 97 Ind. 497, 509, 512; *Bryant* v. *Richardson* (1890), 126 Ind. 145, 154, 25 N. E. 807; *Westhafer* v. *Patterson* (1889), 120 Ind. 459, 461, 22 N. E. 414, 16 Am. St. 330; *Davar* v. *Cardwell* (1867), 27 Ind. 478; *Rowe* v. *Beckett* (1868), 30 Ind. 154, 161, 95 Am. Dec. 676.

As against the two objections urged by appellees, we

think the deed should have been admitted in evidence. The facts show such connection between the grantee, Garnett Duncan, of the deed admitted as evidence, and the grantors of the deed excluded, as to indicate *prima facie,* some title in such grantors of the deed to appellant. On such showing the deed should have been received as evidence tending to show title in appellant.

3.

Furthermore, the averments of the complaint not only charge that appellant was the owner of the real estate on which the alleged trespass was committed, but that she was *in the possession thereof* when the trespass was committed, and is still in such possession except as wrongfully excluded therefrom by appellees. Appellant offered to prove her possession by other competent evidence. Under the averments of her complaint the alleged trespass interfered with her possession and use of the entire tract conveyed by the deed. The deed was clearly sufficient to give color of title, and under it appellant was authorized to claim possession of all of the land described therein, though her actual possession may only have extended to a part of it. Aside from the question of proving title in appellant, the deed was admissible as tending to show the extent and character of appellant's possession. *Vancleave* v. *Milliken* (1859), 13 Ind. 105, 106; *Bennett* v. *Gaddis* (1881), 79 Ind. 347, 350; 1 R. C. L. 708, 727; *Pillow* v. *Roberts* (1851), 13 How. 472, 14 L. Ed. 228, 231; *Sumner* v. *Murphy* (1834), 2 Hill (S. C.) 488, 27 Am. Dec. 397, 401; *Hitt* v. *Carr* (1916), 62 Ind. App. 80, 109 N. E. 456, 465; *Wright* v. *Kleyla* (1885), 104 Ind. 223, 224, 4 N. E. 16.

4.

The decisions of this state sustain the proposition that under a complaint alleging both title and possession of real estate in the plaintiff there may be a recovery of damages against a wrongdoer for

5.

trespass upon such property resulting in an injury to the property and an interference with the possessory rights of such plaintiff therein. *Barber* v. *Barber* (1863), 21 Ind. 468, 470; *Catterlin* v. *Douglass* (1861), 17 Ind. 213; *Bristol Hydraulic Co.* v. *Boyer* (1879), 67 Ind. 236, 240; *Cleveland, etc., R. Co.* v. *Born* (1911), 49 Ind. App. 62, 65, 96 N. E. 777; *Schaeffer* v. *Rominger* (1901), 27 Ind. App. 409, 413, 61 N. E. 605; *Winship* v. *Clendenning, supra; Conner* v. *New Albany* (1820), 1 Blackf. 88, 90, and notes, 12 Am. Dec. 207; *Carney* v. *Reed* (1858), 11 Ind. 417; *Case* v. *Weber* (1850), 2 Ind. 108, 112; *Kellogg* v. *King* (1896), 114 Cal. 378, 383, 46 Pac. 166, 55 Am. St. 74; *Buck* v. *Louisville, etc., R. Co.* (1909), 159 Ala. 305, 48 South. 699; *Louisville, etc., R. Co.* v. *Higginbotham* (1907), 153 Ala. 334, 44 South. 872; *Stahl* v. *Grover* (1891), 80 Wis. 650, 50 N. W. 589; *Wilson* v. *Bibb* (1833), 1 Dana (Ky.) 7, 25 Am. Dec. 118; 38 Cyc 1004, 1005.

6. Rightful possession at the time of the trespass is sufficient to warrant the action, though the injured person, by the wrongful conduct of the trespasser or for other reasons, may be out of possession when the action is begun. *Conner* v. *New Albany, supra; Buck* v. *Louisville, etc., R. Co., supra; Wilson* v. *Bibb, supra;* 38 Cyc 1005-1006.

7. Appellant offered to prove by William T. Ingram, a competent witness, her actual and exclusive possession of the real estate at the time of, and long prior to, the alleged trespass; that appellees, without her consent or authority, took possession of a portion of the real estate described in her complaint, and constructed an electric railroad thereon in 1902 and 1903, and have continued to maintain and operate the same thereon; that no damages have ever been assessed or paid to her; that the land so taken by appellees was at the time enclosed and crops belonging to appellant

were growing thereon; that her crops and fences were removed and destroyed; that the portion of ground so taken was appellant's only means of ingress to and egress from her land adjacent to the part so taken by appellees; also facts tending to prove the amount of damages sustained by appellant. The gist of the numerous objections made and sustained by the court to the admission of evidence of the kind and character above indicated was that appellant's alleged cause of action was based solely upon a record title to the real estate upon which the alleged trespass was committed, and that until she showed such title she should not be allowed to prove possession of the real estate or any facts tending to show trespass upon or damages to the property described in the complaint. Appellant made proper offers of proof, but the court in each instance sustained the objection, and, as indicated by the objections and remarks of the court, did so on the theory that such proof was not proper until a record title was proved in appellant, and that she had not alleged in her complaint title by adverse possession. Under the authorities already cited, and the allegation of possession of the real estate by appellant at the time of the trespass, she was entitled to prove her possession, the trespass upon and injury to the property which interfered with her right of possession, use and enjoyment of the real estate, and the damages, if any, sustained by her by reason of such trespass.

Furthermore, the averments show that appellant held the legal title to the land described in the complaint, but it is not alleged that she held the record title.

8. The averment is general that she owned the fee, but such title may be acquired and held by a person who cannot show a record title. Under such averment appellant was entitled to prove any pertinent facts tending to show that she owned the legal title to the

real estate.    A title acquired and held by adverse pos-
session is a legal title, and the averments are broad
enough to admit proof of such title as well as proof of
a record title.    *Sims* v. *City of Frankfort* (1881), 79
Ind. 446, 449; *Jackson* v. *Creek* (1910), 47 Ind. App.
541, 554, 94 N. E. 416; *Rennert* v. *Shirk* (1904), 163
Ind. 542, 544, 72 N. E. 546; *Stout* v. *McPheeters*
(1882), 84 Ind. 585, 589.

The trial court therefore erred in overruling appel-
lant's motion for a new trial.    The judgment is re-
versed, with instructions to sustain the motion for a
new trial, and for further proceedings not inconsistent
with this opinion.

NOTE.—Reported in 116 N. E. 12.    Trespass: possession of
plaintiff, sufficiency of, to maintain action, 72 Am. Dec. 123.    See
under (1) 13 Cyc 526; (6-8) 38 Cyc 1004.