HUTCHENS *v.* SMITH.

Action of debt commenced in the Circuit Court. Two counts; one for less than 50 dollars really due; the other for more, but of which (the general issue being pleaded) there was no proof. *Held*, that, under the statute of 1838, judgment might be rendered for the plaintiff for the sum claimed in the first count, but that the defendant should have judgment for costs.

ERROR to the *Randolph* Circuit Court.

DEWEY, J.—Debt commenced in the Circuit Court. Two counts in the declaration; one on a promissory note for 26 dollars and 68 cents, and the other for work and labour, &c., to the amount of 51 dollars. Demurrer to the first count overruled. To the second count pleas of *nil debet* and payment, on which there were issues. On the trial, the plaintiff offered no evidence to sustain his second count. Judgment for the plaintiff on the first count, and for costs on that count; and for the defendant on the second count, and for costs on that count. The defendant moved the Court to tax costs in his favour on the first count, but the motion was overruled.

The statute of 1838, which governs this cause, authorizes debt or assumpsit to be brought in the Circuit Courts when the sum "due or demanded" does not exceed fifty dollars, but it provides that in such cases the plaintiff shall pay the costs. *Proctor* v. *Bailey*, 5 Blackf. 495. If a plaintiff can

recover costs in the Circuit Courts, where the sum really due is less than fifty dollars, simply by inserting an additional count for a fictitious demand, and thus make his claim appear to be over fifty dollars, the statute can be easily evaded. In the present cause, the plaintiff by making no effort to sustain his second count and no excuse for the omission, showed that his *demand* was confined to the sum really due, which was the amount of the note set out in the first count. We think, therefore, that the defendant should have had a judgment for full costs.

*Per Curiam.*—That part of the judgment which gives costs to the plaintiff is reversed with costs, &c. Cause remanded, &c.

*J. Perry*, for the plaintiff.

*J. Smith*, for the defendant.