IN THE

## SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1850, IN THE THIRTY-
FIFTH YEAR OF THE STATE.

---

## Nelson *v.* The State.

Indictment in *Madison* county for assault and battery with intent to com-
mit a rape. The act of 1849 gave the justices of that county exclusive
jurisdiction in cases of assault and battery. The prosecuting attorney
entered a *nolle prosequi* as to that part of the indictment which related
to the intent. The defendant was found guilty of a simple assault and
battery. *Held,* that the Circuit Court had no jurisdiction of the offence
of which he was found guilty.

If the plaintiff sue in the Circuit Court, he cannot avoid a judgment for
costs, by demanding a larger sum than 50 dollars in his declaration,
when the real demand which he is capable of proving is less than that
amount; and in such case the debt due must be ascertained from the evi-
dence.

ERROR to the *Madison* Circuit Court. *Monday,*
*November 25.*

SMITH, J.—This was an indictment against the plaintiff
in error for an assault and battery with intent to commit
a rape. At a term of the Circuit Court in March, 1850,
there was a trial by a jury, who found the defendant not
guilty of an intent to commit a rape, but guilty of a sim-

ple assault and battery. By agreement of the parties, a new trial was granted, and, therefore, the prosecuting attorney entered a *nolle prosequi* as to that part of the indictment which related to the intent to commit a rape. The cause was then submitted to the Court, who found the defendant guilty and assessed his fine at 50 dollars.

An act of the legislature, passed in 1849, (Acts of 1849, p. 78,) provided that, in *Madison*, and certain other counties named, justices of the peace should have exclusive jurisdiction of offences arising under certain sections of the act in the Revised Statutes concerning crime and punishment, including the section providing for the punishment of simple assaults and batteries, from and after the passage of that act.

It is, therefore, contended, on the part of the plaintiff in error, that the Circuit Court had no jurisdiction of the offence of which he was found guilty, and we think this objection to the judgment must be sustained. The nature of the offence must be determined by the evidence, and not by the charges in the indictment. A different decision would render the act giving exclusive jurisdiction to justices of the peace, in cases of assault and battery, entirely nugatory, for that act could always be evaded by charging in the indictment an *intent* to commit a felony.

Under the statute providing that in certain actions wherein the sum due or demanded shall exceed 50 dollars and not exceed 100 dollars, the Circuit Courts and justices of the peace shall have concurrent jurisdiction, but if suit be brought in the Circuit Court for 50 dollars or less the plaintiff shall be adjudged to pay the costs, it has been decided that the plaintiff cannot avoid a judgment for costs by demanding a larger sum than 50 dollars in his declaration, when the real demand which he is capable of proving is less than that amount. *Hutchens* v. *Smith*, 8 Blackf. 122.—*Edmonds* v. *Paskins*, id. 196. It was held, in these cases, that the debt due or demanded was to be ascertained from the evidence. The principal upon which

they were decided was similar to that involved in the present case.

*Per Curiam.*—The judgment is reversed, &c.

*J. Davis*, for the plaintiff.

*D. Wallace*, for the state.