FOGLESONG *v.* MOON.

In assumpsit, where the suit was commenced in the Circuit Court, and the plaintiff's evidence showed that the sum due, and for which he was entitled *prima facie* to recover, was less than 50 dollars, the defendant, under the R. S. 1843, was entitled to a judgment for costs.

ERROR to the *Johnson* Circuit Court.

STUART, J.—Assumpsit by *Moon* against *Foglesong* to recover for professional services rendered as a physician, &c. Damages laid at 100 dollars, amount claimed in the bill of particulars 75 dollars. Jury trial. Verdict and judgment for *Moon* for 23 dollars and 50 cents. *Foglesong* moved the Court for a judgment in his favor for costs. But the Court overruled the motion, and the costs were allowed to follow the judgment. This is the only error complained of.

The evidence is all made part of the record. The finding of the jury is sustained by it. The case is governed by the R. S. 1843, pages 864–5, which have several times received construction in this Court. The rule is, that when the evidence for the plaintiff does not make out on his part, independent of set-offs, a substantive claim of 50 dollars or upwards, he is not entitled to costs. 8 Blackf. 556.—3 Ind. 430.

Here it clearly appears that there was no set-off, and that no matters of payment were adduced under the general issue. The question turned entirely on the value of the services rendered by doctor *Moon*, agreeably to the usual rates of charge. And the verdict, sustained as it is by the evidence, must be regarded as the amount due. *Moon* had a right to sue in the Circuit Court for any amount. But if the evidence showed that the sum due, and for which he was entitled *prima facie* to recover, was less than 50 dollars, there should have been judgment against him for costs. *Hutchens* v. *Smith*, 8 Blackf. 122.—*Edmonds* v. *Paskins, id.* 196.—*Dayton* v. *Hall, id.* 556.—*Higman* v. *Brown,* 3 Ind. 430.

VOL. V.—35

Nov. Term,
1854.

*Per Curiam.*—The judgment, as respects the taxation of costs, is reversed; otherwise it is affirmed.

*F. M. Finch*, for the plaintiff.

*G. M. Overstreet* and *A. B. Hunter*, for the defendant.