## NELSON *v.* ROBERTSON.

The refusal of an instruction will not be noticed, where the record does not contain the evidence.

By the R. S. 1843, if an action commenced in the Circuit Court appeared to have been brought on a demand of 50 dollars or less, the defendant was entitled to costs; but if the plaintiff, by his evidence, showed a *prima facie* case for more than 50 dollars, though the defendant, by his evidence, reduced the recovery below that sum, the plaintiff was entitled to costs; but the right to costs being determined by the evidence, unless the evidence is embodied in the record, the Supreme Court will regard the decision of the Circuit Court as correct, whichever way the question may have been decided.

APPEAL from the *Putnam* Court of Common Pleas.

GOOKINS, J.—*Robertson* brought an action against *Nelson*, for breach of a contract for the delivery of hogs. There was an answer setting up two defences, one a general denial, and the other alleging fraud, on which issue was taken. There was a trial by jury, and a verdict for the plaintiff for 43 dollars and 75 cents, upon which the defendant moved for judgment against the plaintiff for costs. The motion was overruled, and judgment for the amount of the verdict and costs, was rendered against the defendant.

A motion for a new trial was overruled, but the ground on which it was prayed, was a refusal to give an instruction to the jury, asked by the defendant. As the record does not contain the evidence, we can not notice it.

The act organizing the Court of Common Pleas was in force when this suit was commenced, (*March*, 1853,) which gave concurrent jurisdiction to that and the Circuit Court, for sums under 1,000 dollars, due upon contract.

The R. S. 1843, p. 864, s. 5, gave concurrent jurisdiction to the Circuit Courts and justices of the peace, for sums due upon contract, from 50 to 100 dollars. The tenth section of the same act entitled the defendant to costs, if the action were brought in the Circuit Court to recover 50 dollars or less. Under that statute, and that of 1838, which was substantially the same, the cases of *Hutchens* v. *Smith*, 8 Blackf. 122, *Stephenson* v. *Herod, id.* 173, *Edmonds* v. *Paskins, id.* 196, *Dayton* v. *Hall, id.* 556, *Ham* v. *Gregg*, 1 Ind. 81, and *Higman* v. *Brown*, 3 *id.* 430, have been decided. The principle which they establish is, that if an action appears to have been brought in the Circuit Court on a demand of 50 dollars or less, the plaintiff shall pay costs; but if the plaintiff, by his evidence, shows a

*prima facie* case for more than 50 dollars, and the defendant, by his evidence, reduces the recovery below that sum, the plaintiff will recover costs; but further, as the question of costs is determined by the evidence given at the trial, unless that is embodied in the record, the action of the Circuit Court will be deemed correct, and this Court will not interfere with it, whichever way the question may have been decided.

Under the present statute, (2 R. S., p. 126, s. 397,) as a set-off or counter-claim must be pleaded and proved, which is to reduce the plaintiff's demand below 50 dollars, and there being no such answer in this record, the defendant would have been entitled to costs; but that statute does not apply to the case, not being in force when the suit was commenced. The plaintiff had a right to look to the law in force when he selected his forum.

As the record does not contain the evidence, we must presume that the action of the Court of Common Pleas was correct.

*Per Curiam.*—The judgment is affirmed with costs.

*J. A. Matson*, for the appellant.