S. W. FARMER, Appellant, v. B. L. THRIFT.

**Evidence:** ADMISSIBILITY. The parties contracted for delivery of cattle at a stated time. At a time when they had declined in price, to plaintiff's loss, he demanded delivery. The next day, the price remaining stationary, defendant made a written offer to deliver. *Held*, it was proper to say to the jury that said offer should not affect the construction of or compliance with the contract, but should be considered in determining the transaction generally, and upon the good faith of plaintiff's demand.

**Practice.** Directions limiting the application of evidence as it is being taken are not required to be in writing.

**Contract Construed.** On an agreement by defendant to deliver cattle "*at any time*" between stated dates "to be weighed on full feed and shrunk 3 per cent," he may refuse to honor a demand to deliver made at a time when cattle are not usually full fed until he be given an opportunity to put them on full feed.

*Appeal from Madison District Court.*—HON. J. H. HENDERSON, Judge.

SATURDAY, APRIL 6, 1895.

The parties, at the date thereof, executed the following contract: "Winterset, Iowa, Feb. 28, 1893. S. W. Farmer bought of B. L. Thrift thirty-nine head of cattle, to be weighed up on full feed and shrunk three per cent. any time between the 1st and 20th of May, 1893, for which S. W. Farmer agrees to pay B. L. Thrift five cents per pound. Also from forty to fifty fat hogs to be weighed at Thrift's, and delivered by Thrift in Winterset. Price of said hogs to be 7 cts., all good straight hogs. [Signed] S. W. Farmer. B. L. Thrift." The plaintiff paid three hundred dollars on the purchase price of the cattle and hogs, and this action is brought to recover the three hundred dollars, with interest, alleging a breach of the contract to deliver according to its terms. It is specifically averred that on the seventeenth of May, 1893, the plaintiff went to the premises of the defendant, and informed defendant of his readiness to accept the cattle, and demanded of defendant that he weigh them according to the terms of the contract, and that plaintiff was ready and willing to receive and pay for the cattle, and that defendant refused to weigh or deliver the cattle or any portion thereof. It is further averred that defendant has failed and neglected to weigh and deliver the hogs according to the terms of the contract. The defendant, answering, makes denials and admissions, and says, as to the demand by plaintiff on the seventeenth day of May, 1893, that it was made just before feeding time in the evening, when the cattle were not in "full feed," and had not been fed since morning, and that he then informed plaintiff that he would feed and water the cattle, and put them in a condition to be weighed under the contract, and that he would weigh the cattle, and shrink them the three per cent., and deliver them according to the terms of the contract,

which offer the plaintiff refused. As to the failure to deliver the hogs, the defendant in his answer says that on the eighteenth day of May, 1893, he notified the plaintiff, in writing, of his readiness to comply with the contract as to weighing and delivering the cattle and hogs, and requesting him to designate a time when he would receive them, and to be present, by himself or agent, to see them weighed, all of which the plaintiff has refused to do. The defendant also, by way of counterclaim, asks damages against the plaintiff for his breach of the contract in failing to receive and pay for the cattle and hogs as required by its terms. Issue was taken on the counterclaim, and on the trial to a jury there was a verdict and judgment for the defendant for eighty-nine dollars and sixty-three cents, from which the plaintiff appealed.—*Affirmed.*

*Steele & Robbins* for appellant.

*A. R. Dabney* and *John Leonard & Son* for appellee.

Granger, J.—I. The notice in writing mentioned in the statement of facts is as follows: "May 18, 1893. To S. W. Farmer: You are hereby notified that within one hour after my cattle are through eating and drinking at any regular feeding time between now and Saturday night, May 20, 1893, I will weigh them out to you according to contract, and shrink them three per cent., and that I will weigh my hogs and deliver them to you according to contract, provided you will take both hogs and cattle on the terms and conditions of our written contract. And you are hereby requested to designate the time that you will receive them, and be present by yourself or agent, and see them weighed. You are also hereby notified that unless you comply with your contract, and receive said cattle and hogs by the time

herein specified, and pay for same according to con-
tract, I will make other disposition of said property,
and hold you responsible for all damages, and will
declare forfeited the full amount which you advanced
on the said cattle and hogs.  B. L. Thrift."  The notice
was admitted in evidence on behalf of defendant,
against objections, with the following remark by
the court: "The paper is introduced in evi-
dence, but is not, however, to be considered by the jury
in any sense whatever as affecting the construction of
the contract or compliance therewith, but is to be con-
sidered by the jury in determining the transaction gen-
erally, and the good faith of plaintiff in his demand as
to whether or not the demand was made in good faith."

It is urged that the jury could not understand what
was meant by the court in the expression, in its
remarks, that the notice was not "to be considered by
the jury in any sense whatever as affecting the con-
struction of the contract or compliance therewith, but
is to be considered by the jury in determining the con-
tract generally."  In argument, the clause or expres-
sion is divided, and the claim made that the jury could
not understand the different expressions.  The clause,
divided, is of doubtful meaning, and may be said to be
so as a whole when disconnected from the other
language of the remarks; but, when all the words are
considered, we think that there is no difficulty in the
jury understanding that the purpose of the evidence
was to enable it to better judge of the intentions of the
parties as to performing the contract.  Of course, the
remarks are to be considered in the light of the situ-
ation on the trial under which they were spoken
and heard.  There was much in the situation at
that time to indicate that, because of a decline
in the market, plaintiff wished in some way to avoid

the contract, and that defendant, for the same reason, was anxious to observe it, for by its observance he was a gainer, while plaintiff, in the particular transaction, must be a loser. In view of this situation, we think the jury must have understood that, as to what was the proper construction of the contract, and as to what acts, in a legal sense, would amount to a compliance,— such being matters of law for the court,—the notice was not to be considered; but generally upon matters of fact, including good faith, it could be considered. With this view the remarks involve no error.

In the same connection it is urged that the remarks amount to an instruction to the jury, so as to be in violation of the provisions of the Code requiring instructions to be in writing. We do not think so. It was a remark made during the taking of evidence on the trial, and even though it may, in a sense, amount to an instruction, it is not of the class of instructions contemplated by the law as to their being in writing. The instructions required to be in writing are those to be given after the cause is argued to the jury. Code, sections 2784, 2788. We think that it is a very general practice, in trial courts, in passing upon the admissibility of evidence, and especially where it is admitted, and is of especial application, to state for what purpose it is admissible. The practice is to be encouraged within proper limits, for two reasons: *First,* it enables counsel to better understand and shape the trial in conformity with the views of the court, or, if thought to be erroneous, to meet the situation as the facts or the law will permit, including the preservation of exceptions; *second,* it enables the jury, when the testimony is received, to give it the intended application, for testimony, when received, is likely to be in some way at once applied.

II.   The trial involved the question of the duty of the plaintiff, as the buyer of the stock, to be present by himself or agent, to see it weighed; and the court gave instructions as to the law on that subject.   It is urged that the instructions are erroneous, because there is no evidence as a basis for them.   We will not set out the evidence, but, with our reading of the record, we think the instructions are fully warranted.

III.   The parties are also in dispute as to what is meant by the provision of the contract that the cattle were "to be weighed up on full feed and shrunk three per cent. any time between the first and twentieth of May, 1893."   Appellant insists that the only words of the contract that are technical are "on full feed," and that it is immaterial whether that means that the cattle should be weighed just after feeding or not, as the contract provides that they are to be weighed up, etc., any time between the dates fixed, and he says: "Let that phrase mean what it may, it was Thrift's business to keep the cattle in that condition, and if he didn't, it was Thrift's fault, and not Farmer's." We do not concur in that view of construction. It is a plain inference from the contract, as well as a matter of common knowledge, that such cattle are not at all times, even during the day, on full feed, and it is equally a matter of common knowledge that there are feeding times for such cattle; and the phrase "at any time" is qualified by "on full feed," and the meaning is that the cattle can be weighed at any time when on full feed, and no such construction can prevail as that they must be constantly so kept, or the benefit of the provision as to full feed be lost to the defendant.   Neither of the parties, at the making of the contract, could reasonably have thought of such a thing.   We think the court could have said to the jury that if the weighing was demanded at a time when the cattle were not

on full feed, because not the usual time for them to be so, the defendant had the right, within a reasonable time, to put them in that condition before weighing. The court did not, but submitted the question to the jury, and it must have been so found. Complaint is made of this action of the court in submitting the question; but, even if error, it is without prejudice, because the finding is what the jury might have been told as a matter of law.

We find no prejudicial error in the record, and the judgment is *affirmed*.