OF THE

## STATE OF IOWA

AT

## DES MOINES JANUARY TERM, 1907

AND IN THE SIXTY-FIRST YEAR OF THE STATE.

---

STATE OF IOWA, Appellee, v. THOMAS SMITH, Appellant.

**Conviction for included offense:** EFFECT: RETRIAL: CHALLENGES.
1 Conviction for an offense in a lower degree than that for which the trial was had operates as an acquittal of all higher offenses charged, and upon a retrial the defendant is only entitled to the number of peremptory challenges allowed by statute for a trial upon the highest degree of the crime for which he may be retried and convicted.

**Misconduct in argument:** WAIVER. Misconduct of counsel in argument to the jury relates to the matter of procedure and may be waived by a defendant in a criminal case.

**Same:** INSTRUCTIONS: ORAL DIRECTIONS. The statutory requirement that the charge to a jury in a criminal case must be in writing has no application to an oral direction to the jury, during the progress of the trial, to disregard an improper statement of counsel made in argument.

645

**Misconduct of jurors.** It is not reversable error to deny a new trial
4 on the affidavit of a third person that prior to the trial one of
the jurors had expressed a belief in defendant's guilt, which was
denied by the affidavit of the juror; or, that such juror drank
intoxication liquors moderately when not on duty.

*Appeal from Monroe District Court.*— Hon. FRANK W.
EICHELBERGER, Judge.

TUESDAY, OCTOBER 16, 1906.

REHEARING DENIED, TUESDAY, JANUARY 8, 1907.

THE defendant was convicted of manslaughter, and from
the judgment entered he appeals.— *Affirmed.*

*Mitchell, Tomlinson & Price,* for appellant.

*C. W. Mullan,* Attorney General, and *Lawrence De
Graff,* Assistant Attorney General, for the State.

BISHOP, J.— This is the second appeal in this case.
For the opinion on former submission, see 127 Iowa, 534.

I. The indictment charged the defendant with the
crime of murder in the first degree; and under our statute
(Code, section 5407) he might be found guilty of any of-
1. CONVICTION fense necessarily included in that charge.
FOR INCLUDED
OFFENSE: Manslaughter is, of course, included in a
effect: re-
trial; chal- charge of murder. On the former trial of the
lenges.
defendant, he was found guilty of manslaughter, and upon
his appeal to this court the judgment was reversed, and the
case remanded for a new trial. By force of an elementary
principle of criminal law, the verdict returned on such trial
operated as an acquittal of the higher offense charged, so
that he could thereafter be convicted, if at all, only of the
offense of manslaughter. *State v. Tweedy,* 11 Iowa, 350;
*State v. Clemons,* 51 Iowa, 274. Upon the case being re-
manded and again called for trial, the defendant demanded

the right of ten peremptory challenges. This was refused, and he was restricted to six challenges. It is contended that herein was error. Our statute (Code, section 5365) provides that, " if the offense charged in the indictment is or may be punishable with death or imprisonment for life, the State and defendant are each entitled to 10 peremptory challenges; if any -other felony, to 6 each," etc. The right of peremptory challenge is not a constitutional right. It exists only by virtue of the statute. Thus in *State v. Shreves*, 81 Iowa, 615, it appeared that the alleged crime of murder was committed, and the prosecution commenced, at a time when, under the existing statute, a defendant so charged had the right of twenty peremptory challenges. Before the trial the statute was so changed that the right was limited to ten challenges. The demand of the defendant for twenty challenges was refused, and this court held there was no error. And it was said that the change in the statute affected no vested right. It pertained merely to the remedy.

Now, it is true that the offense named in the indictment returned against the present defendant, and under which he was put to trial, was murder. But the charge of the indictment was not limited to murder. In contemplation of law there was also charged every offense necessarily included in the charge of murder. And this must be so, as otherwise there could be no warrant for receiving a verdict and pronouncing judgment as for an offense inferior to murder. Now, as we have seen, the verdict on the former trial operated to acquit the defendant of every offense included in the indictment above the offense of manslaughter. In effect there had been eliminated from the indictment the offense of murder in its several degrees, and there remained only, as the offense for which the defendant could be put on trial, manslaughter and the offenses inferior thereto. Looking at the statute directly drawn in question with these principles in mind, we think it must be said that

by the expression " the offense charged in the indictment " was meant no more than the offense included in the indictment for the commission of which only the defendant could be put to trial, and for which he was about to be tried.   The question thus presented seems to be one of novel impression. At least but one case, *People v. Comstock*, 55 Mich. 405 (21 N. W. 384), thought to have direct bearing has been brought to our attention.   Counsel for defendant seem to think that case an authority for their contention.   But upon reading we think otherwise.   There the defendant was charged by information with an assault with intent to commit murder.   On trial he was convicted as charged, and on appeal he secured a reversal.   The case having been brought on for retrial, he demanded the right to exercise peremptory challenges to the number of thirty as allowed by statute under an information charging an assault with intent.   Thereupon the prosecutor announced that in his opinion the evidence would not warrant a conviction of any offense above a simple assault, and that he expected to ask only for a conviction of that grade of offense.   The trial court took the view that under such circumstances the defendant was entitled to only the same number of challenges he would be entitled to if the action was an original one for a simple assault, and accordingly he was limited to five challenges.   The defendant was convicted of a simple assault, and he again appealed.   In its opinion declaring for a reversal the appellate court puts its judgment upon the ground, probably dictated by local statutory provisions, that, " if respondent was not to be tried for the offense charged in the information, he could not in that suit be tried for any other offense."   And further it is said:   " It does not lie within the province of the prosecutor or court to abridge the rights of the respondent by trying him for a crime of which he is not accused, and in this case for an offense not within the jurisdiction of the court to try at all."   From this it will be apparent that the court had no occasion to, and did

not attempt to, deal with the question as made in the record before us. We conclude that there was no error in the ruling complained of.

II. Appellant complains of misconduct on the part of the county attorney, in that in making his opening statement to the jury, and in violation of the provisions of Code, section 5423, he made direct reference to the verdict returned against defendant on the former trial. Conceding that this was error taken by itself, we do not think appellant is in a position to complain thereof. The attention of the county attorney was at once called to his transgression, and thereupon "he withdrew the statement and asked the pardon of the court and jury." He also asked that the jury be instructed to give no consideration to the statement as made by him. By an amendment to the abstract the State has brought up the bill of exceptions signed and made of record by the court below at the request of defendant, and therefrom it appears that, following the improper statement by the county attorney, the attorneys for defendant moved for a discharge of the jury, but that before a ruling and after consultation they announced to the court "that they had concluded to go ahead with the trial." And in the bill this is injected by the court: "That but for the statement made by counsel the court would have dismissed the jury and impaneled another for the trial of the case." It then appears that the motion to discharge the jury was overruled. Accepting this as the situation, we think it must be said that the impropriety in making the statement was waived. It is well settled. that as related to matters of procedure a defendant in a criminal case may waive the benefit of a statutory provision intended for the better protection of his rights. *State v. Kaufman,* 51 Iowa, 578; *State v. Ward,* 73 Iowa, 532; *State v. Hurd,* 101 Iowa, 391. Conceding, then, that the misconduct on the part of the county attorney, coming at the very threshold of the trial, amounted to reversible error —

2. MISCONDUCT IN ARGUMENT: waiver.

and that is the exact contention of appellant — he must be held to the supposition that the court, if given opportunity, would have sustained his motion. And manifestly enough it would be unfair to the State to permit him following a verdict to escape judgment after the fast and loose procedure of holding up the trial by a motion to discharge the jury, and then, before ruling, announcing his election to proceed, notwithstanding the error. The course pursued was the equivalent of saying: Because of this error and in conformity with my motion, I am entitled to be tried before another jury; but I have concluded to forego my motion and go ahead. If I am convicted, I will then fall back on such error, and demand a new trial as matter of right. We conclude that the court properly directed the trial to proceed before the jury then in the box, and that the complaint of defendant as now made comes too late.

III. After disposing of the motion, the subject of our discussion in the preceding division, the court turned to the jury and, addressing them orally, said that the making

3. SAME: instruc- of the statement by the county attorney was
tions: oral
directions.        unfortunate; that the statement had been withdrawn, however, and it would be their duty to try the case as if there had never been any other trial; that " the defendant is presumed to be innocent until proven guilty by evidence in the case beyond a reasonable doubt; and that must be proven by the evidence in this case." Thereon error is predicated, and it is the argument that the remarks of the court amounted to an instruction to the jury, and therefore improper, because not reduced to writing. This contention is devoid of merit. To begin with, no exception was taken to the action of the court at the time, nor was such action made a ground of the motion for new trial. But, aside from this, there is no merit. It is true that the statute requires that the charge to a jury shall be given in writing. Code, section 3705. By this is meant the statement of the issues and of the law governing the case as

given to the jury when the case is ready for final submission.
It has never been construed to include an admonition given
to the jury by the court during the course of the trial to
disregard evidence ruled out on motion, or an irregularity
that has crept into the trial. And what was said by the
court in the instant case amounted to no more than a cau-
tion to disregard the improper statement made: to await
the incoming of the evidence upon which alone they were
to determine upon their verdict. *Farmer v. Thrift,* 94
Iowa, 374; *State v. Bigelow,* 101 Iowa, 430.

IV. In the motion for new trial, misconduct in two
particulars on the part of one of the jurors, Kridelbaugh by
name, was assigned. With the motion was presented an
affidavit of C. N. Bloomfield, reciting that,
following the first trial of the case and in
his presence, said Kridelbaugh made the remark that " Tom
Smith had no more right to shoot that man than I had,
and I think that verdict was right and ought to stand."
A counter affidavit on the part of Kridelbaugh was pre-
sented by the State, and therein he denies having ever made
any such remark; that in fact " he did not recall having
knowledge prior to the instant trial what the former verdict
was." The further ground of misconduct was presented by
an affidavit of T. S. Patton, who avers that on two occa-
sions during the trial in going home he rode on a train with
Kridelbaugh; " that from the appearance and actions of
said juror I would say that he had been drinking intoxicat-
ing liquors; that his breath smelled very strong of said
liquors." This was responded to by the affidavit of Kridel-
baugh, and therein he says that he was at no time during
the trial under the influence of intoxicating liquors. He
further says that his use of liquor was confined to one glass
of beer as he came into town in the. morning and another
when leaving at night for home. It was not error to deny
a new trial upon these grounds. In view of the affidavit of
the juror, the statement alleged to have been made by him

4. MISCONDUCT
OF JURORS.

was not proven; and that a juror has drank intoxicating liquor in moderate quantity when not on duty is not a ground for new trial. *State v. Kennedy,* 77 Iowa, 216.

V. Complaint is made of several of the instructions given by the court on its own motion, and of the refusal of the court to give instructions as requested by the defendant. We shall not set them out. Suffice it to say that we have read them carefully and discover no error. The instructions given seem to have fully and fairly presented the case to the jury, and there was embodied therein the law of the requests as far as applicable.

VI. Lastly, it is said that the verdict is without support in the evidence. We think otherwise. The shooting which resulted in the killing is not denied by defendant, and the question in the case is whether such shooting was justifiable, either as the act of a peace.officer in the discharge of his duty as such or in self-defense. The evidence was in. conflict, and the verdict of the jury should not, in our opinion, be disturbed.

We have examined the record carefully with respect to the other errors contended for, and find them to be without merit. Accordingly we conclude that the judgment should be, and it is, *affirmed.*