I. H. TOMLINSON, Appellee, v. MONROE COUNTY, Appellant.

**Appointment of counsel for accused:** COMPENSATION FOR SECOND
1   TRIAL. An attorney appointed by the court to defend one charged with a crime need not be again appointed, after a reversal of the case on appeal, to entitle him to pay from the county for defending the prisoner on the second trial.

**Same:** AMOUNT OF COMPENSATION. Counsel appointed to defend
2   one charged with a homicide punishable by life imprisonment is entitled to the same fee on a retrial as on the first trial of the case, although the first trial amounted to an acquittal of all degrees of the crime, except manslaughter, which is not punishable by life imprisonment.

*Appeal from Lucas District Court.*— HON. C. W. VERMILLION, Judge.

TUESDAY, JUNE 4, 1907.

ACTION to recover attorney's fees. From a judgment for plaintiff, defendant appeals.— *Affirmed.*

*A. C. Parry* and *Stuart & Stuart,* for appellant.

*Mitchell, Tomlinson & Price,* for appellee.

DEEMER, J.— An indictment was found in the year 1902 by the grand jury of Monroe county against one Thomas Smith, charging him with the crime of murder in

the first degree.    Plaintiff herein, upon a proper showing, was appointed by the court to defend Smith, and upon a trial to a jury he (Smith) was convicted of manslaughter. Upon appeal to this court the judgment was reversed, and the case remanded for a retrial.    Without other formal appointment, plaintiff defended Smith upon the retrial, in which service he was engaged for eight days.    Plaintiff was compensated for his services upon the original trial, and for his appearance in this court on appeal, and by the judgment of the trial court was allowed $160 for his services on the second trial.    From this judgment, defendant appeals.

For appellant it is contended first that plaintiff is not entitled to anything for his services upon the second trial, because not reappointed by the trial court; and, second, that if he is entitled to anything the statute fixes his compensation at the arbitrary sum of $10.    These contentions call for a construction of sections 5313 and 5314 of the Code, which read as follows:

Sec. 5313.    Right of Counsel.    If the defendant appears for arraignment without counsel, he must before proceeding therewith, be informed by the court of his right thereto, and be asked if he desires counsel, and if he does, and is unable to employ any, the court must allow him to select or assign him counsel, not exceeding two, who shall have free access to him at all reasonable hours.

Sec. 5314.    Fee for Attorney Defending.    An attorney appointed by the court to defend a person indicted for homicide or any offense the punishment of which may be life imprisonment, shall receive from the county treasurer a fee of $20.00 per day for time actually occupied in court in the trial of defendant.    If the prosecution be for any other felony, he shall receive the sum of $10.00 in full for services.    Such attorney need not follow the case into another county or into the Supreme Court, but if he does so shall receive an enlarged compensation on a scale corresponding to that fixed by this section.    To be entitled to such compensation, the attorney must file with the court his affidavit that he has not directly or indirectly received or

entered into a contract to receive any compensation for. such services from any source. Only one attorney in one case shall receive such compensation.

As to the first contention of appellant, there are two answers. First, plaintiff was concededly properly appointed in the first instance under section 5313 of the Code, and, such being the case, we think it was his duty to follow the case to the end. Surely his appointment was not discontinued because he secured a reversal in this court. The statute makes no provision for appointment upon a retrial after reversal by this court. Manifestly this was not deemed necessary, for the reason that it was the duty of the attorney originally appointed to follow the case to the end. The first trial was a mistrial, and the case stood after reversal, for most purposes, as if it had never been tried. Plaintiff was not compelled to, nor does the statute require that he should, make a new showing justifying a reappointment. The appointment is to be made when defendant appears for arraignment, and that appointment continues until the case is finally disposed of. No other construction can be placed upon the language of these two statutes. That this is their spirit is plainly apparent. A defendant is entitled to counsel at every stage of the proceedings after arraignment. His counsel may follow the case to this court, and, if he succeeds in reversing it, it is for the manifest purpose of securing that to which defendant is entitled, a retrial with the aid of counsel. Surely the Legislature did not intend that an attorney should follow defendant's case to this court, and then deprive defendant of the aid of counsel if he be successful upon the appeal. Defendant had already been arraigned and had pleaded to the indictment, and his attorney was not required to make any showing for reappointment. To be entitled to compensation, however, he was required to make the affidavit required by section 5314 of the Code. This he did in the case now before us. As this satisfied the

1. APPOINTMENT OF COUNSEL FOR ACCUSED: compensation for second trial.

requirements of the statute, plaintiff was entitled to compensation, and this brings us to the second proposition: How much shall he receive?

The statute plainly fixes the compensation. But defendant contends that, as the first trial amounted to an acquittal of all degrees of homicide except manslaughter, plaintiff was entitled to nothing more than the

2 SAME: amount of compensation.

arbitrary sum of $10, for the reason that manslaughter is not punishable by life imprisonment. The statute says in unequivocal terms that, if an attorney is appointed to defend one indicted for homicide, he shall receive the sum of $20 per day for the time actually occupied in court. The term "homicide," of course, includes manslaughter. It means the killing of one man by another, or, as generally stated, it is the killing of a human being. The term is generic, embracing every mode by which the life of one man is taken by the act of another. It may be lawful or unlawful — that is to say, it may be excusable, justifiable or unlawful — but in any event it is homicide. When one is indicted for such an act, the charge is that it is unlawful, and the question is ultimately for a jury to determine. In that determination the accused is entitled to the aid of counsel, and the statute expressly fixes the compensation to be allowed. The fact that Smith could not be put upon trial a second time for murder of either degree in no manner changes the nature of the indictment. Plaintiff, through his efforts on Smith's behalf, secured this result, and the county should not be permitted to say that upon a retrial he is not entitled to the statutory compensation. *State v. Smith,* 132 Iowa, 645, is not in point. If Smith had in the first instance been indicted for manslaughter, plaintiff would have been entitled to receive the sum of $20 per day for his services. It will be noticed that the statute reads "indicted for homicide or any offense the punishment of which may be life imprisonment," and not "or any other offense," etc. Hence it is not the nature of the punishment

when homicide is charged, but the crime alleged, which controls. To sustain defendant's contention, we would be compelled to insert the word " murder " in place of " homicide," or the words " any other offense the ·punishment of which may be life imprisonment," and, even if the latter phrase were used, there would be doubt as to the proper construction. The statute we have to construe is not one where particular words are followed by general ones, in which the general words are restricted by the particular ones. Here the term " homicide " is used distinctively, is generic in character, and needs no interpretation. The word " homicide " is specific, and the words " or .any offense " do not limit such offenses to those of the character of hòmicide. Neither does the statement as to the punishment of any offense in any manner refer to the specific term " homicide." The statute needs no interpretation, and, when the term " homicide " is used, we do not think of it with reference to its punishment; so that there is no thought in the mind of speaker or reader of any limitations upon it. Had the word used been " murder," we would have an entirely different proposition. It is the nature of the charge in the one case, and the nature of the punishment in the other, which controls. In such cases there is no room for construction. To state it in another way, the words used in .this statute are not *ejusdem generis.* The provision for compensation as to any offense punishable by life imprisonment was not intended to give color to the word " homicide," but for a distinct purpose as the offenses are in no matter related.

The trial court was right in allowing plaintiff compensation at the rate of $20 per day, and its judgment must be, and it is, *affirmed.*