50 P.(2d) 964

**STATE v. PUCKETT.**

No. 4122.

Supreme Court of New Mexico.

Oct. 22, 1935.

Tom W. Neal, of Lovington, C. Melvin Neal, of Hobbs, and D. W. Puckett, for appellant.

Frank H. Patton, Atty. Gen., and J. R. Modrall, Asst. Atty. Gen., for the State.

ZINN, Justice.

This case arose upon an information filed by the district attorney charging the appellant as follows: "That John H. Puckett, on the first day of October, 1934, at the county of Lea, and the State of New Mexico, did willfully, premeditatedly, deliberately and with malice aforethought, kill and murder John Fields by shooting him with a pistol, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of New Mexico."

After the parties had announced themselves ready for trial and the first twelve veniremen had been called into the jury box and sworn to answer as to their qualifications, the following occurred:

"District Attorney: At this time, if the court please, the defendant stands charged with murder in the first degree. The state will dismiss as to the first count, as to murder in the first degree, and go to trial upon the remaining counts, second degree and manslaughter.

"Mr. Tom Neal: The prosecuting attorney having dismissed as to the charge of first degree murder contained in the information, we now at this time move the court to discharge the defendant.

"The Court: Overruled.

"Mr. Neal: Let me state my reasons for that: We move to discharge the defendant for the reason that the jury under the present information, would have no right to convict the defendant of a lower offense than murder in the first degree except in case of a trial upon the charge of first degree murder, that they might convict of anything included in the original information, of second degree and manslaughter as included in the information.

"The Court: Overruled.

"Mr. Neal: Exception."

The case proceeded to trial and appellant was convicted of manslaughter and duly sentenced, from which this appeal is prosecuted.

Four alleged assignments of error are charged. Three revolve around the nolle prosequi by the district attorney. These will be first considered.

In the first two claimed assignments of error appellant contends that the dismissal of the first-degree murder charge acted as a dismissal of all other offenses charged in the information. An analysis of the district attorney's statement to the effect that " * * * the defendant stands charged with murder in the first degree. The state will dismiss as to the first count, as to murder in the first degree, * * *" standing alone, might bear out appellant's contention. We cannot adopt such an extremely technical and narrow view. The district attorney concluded his statement as follows: " * * * And go to trial upon the remaining counts, second degree and manslaughter." This clearly presented the theory of the state and the intention of the prosecution to go to trial only in an effort to secure a conviction of either murder in the second degree or manslaughter. Appellant was not misled. This was not a dismissal of the information.

■ The indictment or information may contain several counts. Generally, this is done by a separate declaration of the offense charged. Technically, when the district attorney dismissed the first count, in the instant case there being only one count, he dismissed the information. " 'Count' and 'Charge' when used relative to allegations in an indictment [or information] are synonymous." Words and Phrases, Third Series, Vol. 2, p. 559, quoting from State v. Thornton, 142 La. 797, 77 So. 634, 636. It was the apparent purpose of the prosecution to inform the court and defendant that the state would not contend for a first-degree murder conviction, but would go to trial intending to prove either second-degree murder or voluntary manslaughter.

■ Appellant argues, however, that the lesser degrees of the crime, to wit, second-degree and voluntary manslaughter, being necessarily included in the greater degree, and the greater degree being dismissed from the case, then there is no charge left to go to trial upon. The reasoning is defective in that by the rules of pleading, practice, and procedure in judicial proceedings in the courts other than the Supreme Court of the state of New Mexico, adopted by authority of Laws 1933, c. 84, under rule 35-4438, it is provided that in an information for an offense which is divided into degrees it is sufficient to charge that the defendant committed the offense without specifying the degree. Under rule 35-4446, this court suggested forms for use. For murder, without specifying any degree, we suggested the following: A. B. murdered C. D. Such a charge is sufficient to charge

either murder in the first or second degree. The information in the instant case sufficiently charges murder in either first or second degree.

■ Voluntary manslaughter **is** necessarily included in a charge of second-degree murder. We so held. State v. Parker, 34 N. M. 486, 285 P. 490, 492; State v. Burrus, 38 N. M. 462, 467, 35 P.(2d) 285, 288 (on rehearing).

Appellant cites two very early Tennessee cases, Brittain v. State, 7 Humph. 159, and Grant v. State, 2 Cold. 216, **to** support his view. Also some Indiana cases. The Indiana cases are not in point. Nelson v. State, 2 Ind. 249, and Smith v. State, 2 Ind. 251. The facts in both cases were much the same. The defendants had been charged in a single count with a felony. In one case assault with intent to rape and in the other assault with intent to murder. The charge in each case was dismissed as to the felony and both defendants were found guilty of simple assault. The court in both cases found that this was error for the reason that an Indiana statute gave justice of the peace courts exclusive jurisdiction over misdemeanors, and since so much of each charge was dismissed as to leave only a misdemeanor charged, therefore the district court had no jurisdiction.

The case of Commonwealth v. Wakelin, 230 Mass. 567, 120 N. E. 209, 211, supports the theory enunciated by us. The district attorney at the opening of the trial filed a so-called "disclaimer" declaring that he did not ask for conviction of the defendant for murder either in the first or second degree, but did contend only for his conviction of manslaughter. The court, after stating that there was no pleading in their system of criminal pleading and practice known as a "disclaimer," stated: "The character of a pleading, however, is commonly to be determined by the nature of its averments and not by the name attached to it. An analysis of the paper here in question shows that in substance it is a declaration by the district attorney that he will not ask for a conviction of the defendant for the crime of murder in either the first or second degree, but will only contend for his conviction of the crime of manslaughter. In substance that is a voluntary declaration that he will not further prosecute the portions of the indictment alleging the circumstances of aggravation which distinguish that kind of homicide constituting murder from the less heinous offense of manslaughter. The correct expression of that declaration by a district attorney is nolle prosequi. Commonwealth v. Casey, 12 Allen [Mass.] 214, 218."

■ That the district attorney may enter a nolle prosequi as to one degree of a crime included in the information and prosecute as to the remaining degrees covered thereby is supported by authority. The general rule as to this is stated in 16 C. J. §·787, page 436, as follows: "A nolle prosequi may be allowed as to one of two indictments, or as to one or more of the

several counts of an indictment, or as to part of a count or indictment which is divisible, or which charges an offense which in itself embraces another."

The rule is further stated in 31 C. J. § 493, page 858, as follows: "Under an indictment for murder in the first degree, it is proper, upon motion of the prosecuting attorney, to place accused on trial only for a lower degree of the crime." See, also, Commonwealth v. Wakelin, supra.

■ The substance of what was undertaken in the instant case is plain. It was in effect a nolle prosequi of so much of the indictment as charged a crime of higher magnitude than second-degree or voluntary manslaughter. That is a well-recognized part of criminal procedure. The statement made by the district attorney is not susceptible of misunderstanding as to its essence and its real effect. It would be sacrificing substance to unimportant form to hold that the defendant had suffered any harm by reason thereof.

In the case of Gentry v. State, 68 Tex. Cr. R. 567, 152 S. W. 635, 636, there was a single indictment charging murder. When the case was called for trial, the district attorney announced that he would not seek to convict the defendant of any higher degree of offense than second-degree murder. The Court of Criminal Appeals of Texas in discussing the point said: "An indictment for murder in the first degree including, as it does, all the lesser degrees of culpable homicide, and the district and county attorney being au-

thorized by law to dismiss the entire prosecution, if consented to by the trial judge, it follows that he has the authority to abandon the prosecution as to any degree of offense embraced within an indictment, if such action is sanctioned and approved by the trial judge."

The two early Tennessee cases relied on by appellant in support of his views are mentioned in note 86, 16 C. J., page 436, as follows: "In Tennessee it was once held that, on an indictment for assault with intent to murder, the entry of a nolle prosequi or a dismissal of the indictment as to the felony was a dismissal of the whole indictment, and that accused could not be tried thereon for simple assault. Grant v. State, 2 Cold. 216; Brittain v. State, 7 Humph. 159. (2) But in a later case these cases were distinguished, and it was held that the charge of felony might be stricken out by consent of the court and a trial had for simple assault. Ferrell v. State, 2 Lea, 25, 27. * * *"

■ The third point assigned as error is based on the court's denial to appellant of twelve peremptory challenges. Appellant contends that if the information was not dismissed, it charged murder in the first degree, and appellant had the right to exercise twelve peremptory challenges and not five as he was limited in the trial court.

We must necessarily resolve against such contention of error. This point is tied in with the first two disposed of. The nolle prosequi as to the charge of murder in the first degree left standing only sec-

ond degree and the necessarily included offenses. Comp. St. 1929, § 105-2225, provides that the defendant in every indictment for a criminal offense punishable with death shall be entitled to twelve peremptory challenges, and in all cases not punishable by death to five peremptory challenges and no more. First-degree murder, the one crime punishable by death, having been removed from the case, appellant was only entitled to five peremptory challenges. He was put on trial not for a crime punishable with death, but the highest crime of which he could be convicted was murder in the second degree which is not punishable by death. Comp. St. 1929, § 35-306.

The case of State v. Smith, 132 Iowa, 645, 109 N. W. 115, 117, is illustrative of the point here determined. An indictment charged the defendant with murder in the first degree which included all degrees of murder as well as manslaughter. Upon trial, the defendant was convicted of manslaughter from which he appealed and the Supreme Court reversed and remanded the case. He was tried the second time upon the same indictment and demanded that he be allowed ten peremptory challenges to which he would be entitled if charged with a capital offense. This was refused and he was restricted to six challenges. The Iowa statute (Code 1897, § 5365), reads as follows: "If the offense charged in the indictment is or may be punishable with death or imprisonment for life, the state and defendant are each entitled to ten peremptory challenges; if any other felony, to six each."

Upon the retrial the defendant could only be convicted of manslaughter or some lower degree as his former conviction of manslaughter had operated to acquit him of every offense included in the indictment above the offense of manslaughter. The court in holding that the defendant was entitled to only six peremptory challenges said: "In effect there had been eliminated from the indictment the offense of murder in its several degrees, and there remained only, as the offense for which the defendant could be put on trial, manslaughter and the offenses inferior thereto. Looking at the statute directly drawn in question with these principles in mind, we think it must be said that by the expression 'the offense charged in the indictment' was meant no more than the offense included in the indictment for the commission of which only the defendant could be put to trial, and for which he was about to be tried."

A similar question was also raised in the case of Commonwealth v. Wakelin, supra. There the court said: "After the entry of the nolle prosequi by the district attorney, the highest crime for which the defendant could be tried on the indictment was manslaughter. The defendant was put upon his trial for manslaughter and not for murder. Hence he was not entitled to challenge peremptorily more than two jurors."

Since the appellant was being tried only for crimes not punishable by death, he was only entitled to five peremptory challenges which were allowed him by the court. The court did not err.

■ The fourth point assigned as error is based on appellant's contention that the court erred in declining to permit the appellant while he was on the witness stand to state all of a conversation which he had with certain officers. The testimony leading up to the circumstances surrounding the fourth point relied on here appears in the appellant's own testimony, as follows:

"Q. You heard the officers testify? A. Yes, sir.

"Q. You mean to say that you didn't tell them that? A. No, sir; I wouldn't say that I didn't, but I will repeat the way the remainder of the conversation went on so far as I know.

"Q. You are unable to remember what position—

"Mr. Neal: I think he has a right to explain the conversation.

"The Court: Proceed, Mr. Brand."

Appellant made no real objection at this point or at any other point. He did not invoke any ruling of the court as to whether or not the witness, the appellant, had the right to repeat the remainder of the conversation in question. He did not point out any specific objection to the ruling of the court. The only possible objection which might be construed from the colloquy would be a calling to the attention of the court at the time that the witness should be permitted to explain the conversation. At the time this testimony was elicited, appellant was testifying on cross-examination. When the district attorney once referred to this conversation in his cross-examination, the appellant would then have had the right to testify further as to the same conversation in redirect examination. No effort was made, however, to bring out any facts on redirect examination pertaining to this conversation. It does not appear in the record what the evidence would have been or what explanation would have been offered. It is a well-established rule of law in this court that in order to preserve any error of this nature, there must be a tender or offer made as to what a witness will testify to in response to a question asked. Here there was not only no tender or offer made as to what this witness would have testified to, but no question was ever asked him on redirect examination which might have brought forth such information. It is obvious that there was no error on the part of the trial court with regard to this part of the testimony.

For the reasons given, the judgment will be affirmed.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and BRICE, JJ., concur.