76 P.2d 1161

**STATE v. CLARKSON.**

No. 4337.

Supreme Court of New Mexico.

Feb. 4, 1938.

Rehearing Denied March 5, 1938.

John B. Sanchez and F. T. Cheetham, both of Taos, for appellant.

Frank H. Patton, Atty. Gen., and Fred J. Federici, Asst. Atty. Gen., for the State.

ZINN, Justice.

On June 19, 1934, an information was filed in the district court of Taos county, charging the appellant with feloniously and knowingly killing a horse belonging to Anastacio Sisneros and thereby depriving the owner of immediate possession thereof. Comp.St.1929 § 35-2405. The appellant was found guilty and sentenced by the court. This appeal followed.

Seven points are set forth in the appellant's brief claiming error and urging reversal. These are summarized as three points, as follows:

(1) The trial court erred in permitting the State to amend the information, to conform to proof, to show that the crime was committed in 1933 instead of 1934, as originally set forth in the information.

(2) The trial court erred in admitting in evidence at the trial, the complaint made before the justice of the peace and the warrant issued by the justice of the peace, upon which complaint and warrant of arrest the appellant was first held to await the action of the district court.

(3) That there is no evidence to support the verdict.

We shall consider each assignment as presented.

■ It is sufficient to say that error cannot be predicated at this time on the first point. It is not necessary to consider the trial court's power to permit the amendment under trial court rule 35-4442, subsection 2, because the record shows that when the State at the conclusion of its case, and before it rested, asked leave of the court to amend the information to show the year 1933 instead of the year 1934, no objection was interposed by appellant to this request. Objections not made at the trial court cannot be considered for the first time on appeal. This rule is too well established to require a citation of authority.

■ As to the second proposition, it is sufficient to state that when the State offered in evidence the criminal complaint and the criminal warrant for the purpose of showing that the crime was charged to have been committed in 1933 instead of 1934, the only opposition made by counsel for appellant was, as follows: "We object to the introduction of these papers."

Counsel for appellant failed to specify his grounds of objection. The grounds or reason for the objection must be stated in order that the trial judge may have an opportunity to intelligently rule upon such objection. A broad general objection gives the court no notice of any possible vice in the evidence offered. Failing to point out to the trial court the vice, if any, in the offer of the State to introduce in evidence the complaint and warrant precludes a review of the claimed error by this court.

■ As we have said: "We have held and now hold that an objection to the introduction of evidence which does not specify the particular ground on which the evidence is objectionable does not call the trial court's attention to the matter to be decided, and on appeal will be treated as if no objection to such evidence had been made. See Alvarado Min. & Mill. Co. v. Warnock, 25 N.M. 694, 187 P. 542; State v. Trujillo et al., 30 N.M. 102, 227 P. 759." Whitely v. State, 36 N.M. 248, 13 P.2d 423, 424.

As to the third assignment of error, the record discloses that the verdict of the jury is supported by substantial evidence.

The judgment will be affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.