357 P.2d 54

STATE of New Mexico, Appellee,

v.

Arthur Leslie LA BOON, Appellant.

No. 6755.

Supreme Court of New Mexico.

Nov. 16, 1960.

Emmett C. Hart, Tucumcari, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Boston E. Witt and F. Harlan Flint, Asst. Attys. Gen., for appellee.

NOBLE, Justice.

Arthur Leslie LaBoon was charged and tried upon an information charging second degree murder and appeals from a conviction of voluntary manslaughter. Two assignments of error are relied upon for reversal of the conviction and judgment resulting therefrom, (1) error in permitting a hypothetical question, and (2) that the statute does not permit a conviction of manslaughter under a charge of murder.

■ Considering first the claimed error in permitting the witness Dr. Hoover to answer a hypothetical question as to the length of time required, in his opinion, for decedent to bleed sufficiently to cause a spot of blood depicted on a photograph

exhibited to him, there is but a single question presented. Was there evidence in the record from which the jury might reasonably conclude that the blood shown in the picture was that of A. P. LaBoon, the deceased? The objection to the question limits it to that fact. Upon the objection made, we find no error in permitting the question and answer. The question propounded was:

"Q. Now, Doctor, again, assuming that (referring to the spot in the photograph) that is the blood of A. P. LaBoon, and from your examination of him at the hospital, knowing the nature and extent of his wounds there, and from the autopsy performed, how long, in your opinion would it take the deceased to bleed that amount?"

The record shows that the question, in substantially the same form, was asked four different times. Substantially the same objection was made each time; that the witness was asked to assume that the blood spot shown in the photograph was that of A. P. LaBoon, without evidence of that fact; that there was no evidence as to whether it was the blood of A. P. LaBoon or of appellant or of both of them; that the hypothetical question was therefore not based upon a fact in evidence.

Before permitting an answer to the question, the trial court required the State to develop further as to whose blood was shown in the picture. It was admitted that appellant and A. P. LaBoon had been fighting at that place and had been on the ground. Testimony was then elicited that A. P. LaBoon could have bled that amount from the wounds observed by the doctor; that a cut on the arm of appellant was of subcutaneous tributaries and no large vessels or arteries were severed and it was very unlikely he would have bled as much.

■ Counsel may propound a hypothetical question based upon his theory provided it is based upon evidence which the jury could reasonably believe to be true, and as was said in Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572, 582:

"The jury is entitled to rely upon rational inferences deductible from the evidence, whether arising from expert testimony or otherwise."

There was evidence from which the jury might reasonably have found that the blood was that of A. P. LaBoon.

■ Counsel for appellant now asserts that the hypothetical question is further inadmissible because it failed to include sufficient facts upon which the witness could form an opinion and that it called for an answer of pure guess and speculation. In support of this he points to the cross-examination of the witness showing that, among other things, the witness assumed the walk to have been of dirt when in fact it was concrete, and that the photograph did not disclose the thickness of the blood nor its

quantity. No objection was made in the trial court to this defect in the question and it cannot be raised for the first time on appeal. The grounds for the objection to introduction of evidence must be stated so that the trial judge may intelligently rule upon the objection. State v. Clarkson, 42 N.M. 289, 76 P.2d 1161; State v. Compton, 57 N.M. 227, 257 P.2d 915; State v. Heisler, 58 N.M. 446, at page 460, 272 P.2d 660, at page 669.

■ Appellant next urges as error the giving to the jury of an instruction on voluntary manslaughter and the conviction of that offense under an information charging murder in the second degree. It is contended that while manslaughter might be considered a degree of homicide, it is not a degree of murder. In the very recent case of State v. McFall, 67 N.M. 260, 354 P.2d 547, 550, we said:

"This court held as long ago as State v. Burrus, supra, decided in 1934, that manslaughter is one of the four kinds of homicide, and that it is included within a charge of murder."

In fairness to counsel we want to point out that the decision in State v. McFall, supra, was handed down after the trial of the instant case and after all briefs had been filed on appeal.

Counsel for appellant recognizes the rule announced by the Court, on rehearing, in State v. Burrus, 38 N.M. 462, 35 P.2d 285, but urges upon us that since the defendant in that case failed to object to the submission of the question of manslaughter the holding that manslaughter is included in the charge of murder should be deemed dictum only. Notwithstanding the fact that in State v. Burrus, supra, objection was not made in the first instance to submission to the jury of the charge of voluntary manslaughter, but only moved on that ground in a motion in arrest of judgment, this Court considered the question of such importance that it was determined without regard to whether it was properly raised for review here. It was held that voluntary manslaughter is included within the charge of murder. The reasoning upon which the decision was based was fully discussed in the opinion in that case and it would serve no useful purpose to repeat it here. We affirmed that view in State v. Puckett, 39 N.M. 511, 50 P.2d 964; State v. Roy, 40 N.M. 397, at page 417, 60 P.2d 646, at page 658, 110 A.L.R. 1; State v. Lopez, 46 N.M. 463, 131 P.2d 273; and State v. McFall, supra. No compelling reason has been presented to cause us to recede from that position. Manslaughter is included in the charge of murder

Finding no error the judgment appealed from should be affirmed, and it is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.