429 P.2d 653

Joe ASH, Plaintiff-Appellee,

v.

H. G. REITER COMPANY, Inc., Defendant-Appellant.

No. 8255.

Supreme Court of New Mexico.

June 26, 1967.

Rehearing Denied July 27, 1967.

Paul E. Keefe, Benjamin Osuna, W. W. Atkinson, Albuquerque, for appellant.

Paul P. Shwartz, Warren F. Reynolds, Albuquerque, for appellee.

## OPINION

SPIESS, Judge, Court of Appeals.

This action is based upon an oral contract of employment between appellant H. G. Reiter Company, Inc., the employer, and appellee, Joe Ash, its employee. The parties will be referred to as Reiter and Ash.

The trial court, in substance, found that the contract provided for the payment to Ash of a fixed monthly salary and in addition a bonus of four percent of the annual gross profits earned by Reiter. During Reiter's fiscal year 1963–1964 Ash received the fixed salary plus one hundred dollars per month which was applied against the yearly bonus. Thereafter by agreement between the parties the monthly advance against the bonus was discontinued and the full amount was to become payable at the end of the fiscal year. The court further found that the bonus for. the fiscal year 1964–1965 was owing and unpaid and accordingly rendered judgment against Reiter, from which this appeal has been prosecuted.

Reiter challenges the sufficiency of the evidence to support a finding that its contract with Ash obligated it to pay him four percent of its gross yearly profits for the last mentioned fiscal year.

It is fundamental in this jurisdiction that the facts found by the trial court are the facts upon which the case rests in this court upon appeal, and are binding upon the Supreme Court unless set aside as not being supported by substantial evidence. Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1 (1962).

Reiter recognizes that the evidence is conflicting as to its obligation to pay the bonus for the fiscal year 1964–1965. In our opinion, it lends substantial support to the challenged finding of fact. This court will not resolve conflicts in the evidence or disturb findings supported by substantial evidence. Sanchez v. Garcia, 72 N.M. 406, 384 P.2d 681 (1963); Hummer v. Betenbough, 75 N.M. 274, 404 P.2d 110 (1965); Tyner v. DiPaolo, 76 N.M. 483, 416 P.2d 150 (1966).

It is next urged that the trial court erred in admitting, over Reiter's objection, the testimony of an accountant employed by Reiter to audit its records and prepare necessary annual reports. The accountant's testimony was offered by Ash to establish the amount of gross profit realized by Reiter for its fiscal year 1964–1965. ·

Reiter objected to the admission of the testimony contending that it should be excluded as privileged under § 67–23–26, N.M. S.A., 1953. This statute is in the following language.

"A certified or registered public accountant shall not be required by any court to divulge information or evidence which

has been obtained by him in his confidential capacity as such. Provided, however, that the provisions of this section shall not apply to auditing under the supervision of the state comptroller."

Reiter's ground of objection to the testimony in the court below was limited to invoking the above statute which was read in full to the trial court. The objection was overruled and the accountant's testimony was received. We note that the accountant made no objection to testifying nor was the objection made on his behalf.

The objection grounded as it was only upon § 67–23–26, supra, could not properly have been sustained by the trial court for the reason that the assertion of privilege under this statute is available only to the accountant. Dorfman v. Rombs, 218 F.Supp. 905 (D.C.Ill.1963).

Reiter argues here that the testimony of the accountant was inadmissible under § 67–23–26, supra, and likewise under § 20–1–12(e), N.M.S.A., 1953. The last mentioned statute is as follows:

"In the courts of the state of New Mexico, no certified public accountant or public accountant shall be permitted to disclose information obtained in the conduct of any examination, audit or other investigation made in a professional capacity, or which may have been disclosed to said accountant by a client, without the consent in writing of such client or his, her or its successors or legal representatives."

The claim of privilege under § 20–1–12 (e), supra, is made for the first time in this court. The trial court's attention was not directed to this statute but as we have stated was directed only to § 67–23–26, supra, and a ruling was sought only upon the last mentioned statute.

Reiter declares that both statutes are "to the same effect". It appears to us that these statutes are not as Reiter says to the same effect in that the privilege under § 67–23–26, supra, is available only to the accountant whereas under § 20–1–12(e),

supra, the privilege is available only to the client.

We have uniformly held that an objection to the introduction of evidence which does not specify the particular ground on which the evidence is objectionable does not call the trial court's attention to the matter to be decided, and on appeal will be treated as if no objection to such evidence had been made. Bishop v. Mace, 25 N.M. 411, 184 P. 215 (1919); Alvarado Min. & Mill Co. v. Warnock, 25 N.M. 694, 187 P. 542 (1919); State v. Clarkson, 42 N.M. 289, 76 P.2d 1161 (1938); Mares v. New Mexico Public Service Co., 42 N.M. 473, 82 P.2d 257 (1938); Leonard v. Barnes, 75 N.M. 331, 404 P.2d 292 (1965).

Reiter, however, argues that the trial court exceeded its jurisdiction when it permitted the testimony of the accountant. It cites and relies upon State ex rel. Miller v. Tackett, 68 N.M. 318, 361 P.2d 724 (1961).

That decision is clearly distinguishable upon the facts. There we held that the district court exceeded its jurisdiction under § 20–1–12(d) (f), N.M.S.A., 1953, in ordering a workmen's compensation claimant over his proper objection to sign a medical authorization form authorizing the claimant's doctor to release medical records and information to attorneys representing the employer.

In the case now before us the privilege accorded Reiter by the statute, § 20–1–12(e), supra, was not asserted by objection or otherwise. The trial court did not, over objection, require Reiter to perform any act or waive any privilege which it had claimed. In our opinion, a jurisdictional question is not involved in the admission of testimony to which no proper objection is made although the testimony should have been excluded upon the assertion of a proper ground.

Finding no error the judgment below is affirmed and,

It is so ordered.

NOBLE and COMPTON, JJ., concur.